MARION COUNTY v. COLER et al.

(Circuit Court of Appeals, Fifth Circuit.   May 10, 1898.)

No. 690.

1. RES JUDICATA—ACTION ON COUNTY BONDS.
    Where a judgment has been recovered against a county on its refunding bonds, and subsequently mandamus has been issued to compel the levy of a tax to pay such bonds, the question of their validity is concluded as between the same parties, and cannot be again raised in a subsequent suit.

2. COUNTY JUDGE—VACANCY—APPOINTMENT BY COMMISSIONERS.
    In Texas, three out of four county commissioners have power to appoint a county judge to fill a vacancy, who will be a judge de facto, if not de jure.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

F. H. Prendergast and W. T. Armistead, for plaintiff in error.
W. S. Herndon and Ben B. Cain, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PER CURIAM.   The defendants in error, W. N. Coler & Co., first sued Marion county on June 6, 1892, in the United States circuit court for the Eastern district of Texas, at Jefferson, on certain courthouse and jail bonds, and certain refunding bonds, and on certain "funding or Urquhart bonds."   To that suit the county filed various defenses to the validity of the funding bonds.   Said funding bonds were signed by J. M. Urquhart as county judge.   The defense then

set up was as follows: That the funding bonds were issued without any authority, and that the same were issued in redemption of false, fictitious, and void obligations against the county, and the plaintiffs were present when the same were issued and signed by this county judge of Marion county, and urged him, the said county judge, to sign the same, when they well knew that there was no consideration passing therefor, and that the said judge who signed said bonds was wholly incapacitated to do or perform any rational act at the time of the signing of said bonds, and the plaintiffs and their agents well knew this fact; that said bonds were issued in fraud of the defendant county, and are not valid claims against it. This defense was overruled, and judgment was rendered against the county in October, 1893, for the amount due on the funding bonds involved in that suit. The county appealed to the United States circuit court of appeals, and the judgment was affirmed. 14 C. C. A. 301, 67 Fed. 60. On August 3, 1895, W. N. Coler & Co. filed suit in the United States circuit court at Jefferson for a mandamus against Marion county to compel the county to levy a tax to pay the judgment recovered. In the mandamus suit the county pleaded as a defense that J. M. Urquhart, whose name appeared on said coupons sued on, being coupons from the funding bonds, was never at any date county judge of said county, and was never either elected or appointed, and was a volunteer only, entirely without power to bind the county. This defense was overruled, and the mandamus was awarded as prayed for. The county appealed said cause, and the judgment was affirmed in the United States circuit court of appeals. 21 C. C. A. 392, 75 Fed. 352. On May 13, 1895, the present suit was filed against Marion county by W. N. Coler & Co., in which they seek to recover against Marion county for about $10,-000 due on the "funding or Urquhart bonds." The defendant answered in the present suit substantially as follows: That the funding bonds set out by plaintiffs are null and void, and are not binding bonds against the defendant, because said funding bonds of 1880 were never executed or signed by any officer authorized to sign the same and to bind the defendant county thereby; for that one Charles Haughn was the duly-elected county judge at that time, and had ceased by his own motion to act as such judge, and had begun to act as county attorney, after either vacating or attempting to vacate his office as county judge, in December, 1879, and on said day and date, by the action of only three out of four of the county commissioners, and in the absence of the judge, the said three commissioners undertook to appoint, and did appoint, one J. M. Urquhart as county judge, he being only a private citizen. In the absence of one of the commissioners, the three other commissioners appointed said Urquhart as judge; and the county alleged that three of the commissioners, in the absence of a county judge, had no power to fill the vacancy of the office of county judge, and its act in so doing was a nullity, and the subsequent act of the judge did not and could not bind the county; and that plaintiffs claim that by the signature of the said J. M. Urquhart the funding bonds are made valid and bind the county.

To this answer W. N. Coler & Co. filed the plea of res adjudicata, in effect, that the county was estopped from making this defense by reason of the judgment for the debt in the first suit on these bonds, and by reason of the judgment awarding the mandamus compelling the county to levy a tax to pay the first judgment. The court sustained the plea on the former adjudication as to the validity of the funding bonds, and directed the jury to return a verdict for the plaintiffs for the amount of the Urquhart bonds in suit.

We find no error in the ruling of the court. The validity of the Urquhart or funding bonds has been twice an issue between the same parties in the same court, and twice the decision has been against the plaintiff in error. On the facts admitted in the pleadings, J. M. Urquhart, at the time he signed the bonds and coupons in question, was county judge of Marion county de facto, if not de jure. The judgment of the circuit court is affirmed.