MARION COUNTY et al. v. COLER et al.

(Circuit Court of Appeals, Fifth Circuit. June 2, 1896.)

No. 482.

1. MANDAMUS—PRACTICE—JURY TRIAL.
When the material facts involved in an application for a mandamus are admitted by the pleadings, a jury trial is unnecessary, and a refusal thereof is not error.

2. SAME—DEMAND.
When a plaintiff has shown himself entitled to a mandamus to compel the levy and collection of taxes by a county to pay a judgment against it, he is entitled to one which will set in motion all the necessary machinery, including the action of an assessor and collector, required to be taken after the levy of the tax by the county court, although no demand has been made on such officers to perform the acts so required.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

F. H. Prendergast, for plaintiffs in error.

W. S. Herndon and Ben. B. Cain, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

PARDEE, Circuit Judge. This cause has been presented to this court on an assignment of errors complaining that the trial court refused a jury trial; that J. C. Hart, tax collector, and J. E. Cooke, tax assessor, were improperly included in the judgment awarding a mandamus, because no demand and refusal were shown against them; and that, as to Marion county, the judgment awarded was excessive, illegal, and oppressive. The material facts in the case were admitted in the pleadings, and the trial in the court below was practically upon the petition and answers. If no material fact was at issue, a jury was unnecessary. The defendants J. C. Hart, tax collector, and J. E. Cooke, tax assessor, appeared in the court below, and filed a demurrer to the plaintiffs' petition on the ground that the same did not show any legal duty resting on the defendants to do anything which they had failed to do, and did not show any demand on them to do anything which they refused to do. What disposition was made of this demurrer in the court below does not appear. The court, however, in awarding judgment, directs that the said defendants, J. E. Cooke, assessor of taxes for Marion county, and J. C. Hart, collector of taxes for Marion county, proceed forthwith, as provided by the laws for the assessment and collection of state and county taxes, to assess and collect the said taxes to be levied as aforesaid, and keep the same separate and apart from other taxes, etc. The plaintiffs' petition, in addition to showing their right to have a tax levied and assessed in Marion county to pay their judgment, set forth the machinery for levying and collecting taxes under the laws of Texas, by which it appears that the said tax collector and tax assessor have certain duties to perform after the county court has levied the necessary taxes. If the plaintiffs were entitled to a mandamus to compel the levy and collection of taxes, they were certainly entitled to one which would set all the machinery necessary for the levy, assessment, and collection of taxes in motion. It does not appear from the record that the mandamus to officers in Marion county to levy a tax to pay the plaintiffs' judgment is otherwise excessive, illegal, and oppressive than would be any other legal remedy to compel Marion county to pay its debts. The amount of tax ordered to be levied, based upon the taxable property in the county of Marion, as admitted in the pleadings, is hardly sufficient to pay the accruing interest on the plaintiffs' demands and provide a small amount for a sinking fund. It would take, at the same rate of taxation on the same valuation of property, at least 20 years to pay off the plaintiffs' judgment.

On the whole case, we find no reversible error suggested by counsel, or patent upon the record. Judgment affirmed.