Finding no error in the record, the judgment is affirmed.

**Henry** and **Marvin, JJ.,** concur.

---

## APPEARANCE—COURTS—ERROR.

[Stark (5th) Court of Appeals, February Term, 1915.]

Shields, Powell and Houck, JJ.

A. E. CLIPPINGER v. GEORGE W. STURGEON AND E. G. SAFFEL.

1. **Filing Answer and Appearing by Counsel at Trial and Failing to Challenge Jurisdiction Amount to Voluntary Appearance.**

   A party desiring to insist that he is not in court must keep out of court for all purposes except to make that objection; hence, when he does not do that, but files an answer and when trial is called appears by counsel, but fails to continue to challenge the jurisdiction of the court, he thereby voluntarily enters his appearance and consents to the exercise of jurisdiction over both his person and the subject-matter.

2. **Motion to Dismiss for Failure to Support Petition and Want of Jurisdiction Erroneous, Evidence Tending to Sustain Allegations Being Offered.**

   Some evidence having been offered in such a case, tending to support the allegations of the petition, it is error to grant a motion to dismiss on the ground that the petition is not supported by evidence and the court is without jurisdiction.

   [Syllabus by the court.]

ERROR.

*H. H. Emmons,* for plaintiff in error.

*Metzger & Smith,* for defendant in error.

**HOUCK, J.**

This cause comes into this court on error from the common pleas court of this county. The parties here stand in the same relation to each other as in the court below.

Plaintiff brought suit against the defendants for $5,000

Clippinger v. Sturgeon.

damages for malicious prosecution. The defendant Sturgeon resides in Stark county, and the defendant Saffel resides in Columbiana county, and both were served with summons. The defendant Sturgeon filed a motion to the petition asking that certain matters therein be stricken out, and the court sustained said motion. An amended petition was filed, and an alias summons issued to the sheriff of Columbiana county, Ohio, for the defendant Saffel, and due return made thereon. A demurrer to the amended petition was filed by the defendant Sturgeon, and the same was heard and overruled. Answer was then filed by Sturgeon. The defendant Saffel filed the following motion:

"Now comes the defendant, E. G. Saffel, and appearing for no other purpose, and especially disclaiming any intention to enter his appearance in this case, moves to set aside summons herein issued to the sheriff of Columbiana county and served upon him, and the return of said writ, for reason that he is a resident of Columbiana county, while said action was commenced and is pending in Stark county. That said action is not such an action as the statutes of Ohio authorize the service of summons on defendant in a county other than the county in which said action is pending."

Said motion was heard and overruled and exceptions taken, and thereupon Saffel requested and was granted leave to plead, and filed his answer to the amended petition, setting up two defenses, the first defense being that before making the affidavit in which he charged the plaintiff with a criminal offense that he took competent legal advice, and acted upon same; * * * the second defense being in substance a general denial. In his answer, Saffel neither directly or indirectly made or set up any defense, or in any way challenged the jurisdiction of the court.

Plaintiff replied to the answer, and the cause came on for trial to the court and jury, and the plaintiff offered his testimony and submitted his cause, whereupon the defendant Sturgeon moved the court to dismiss the case as to him because the evidence offered by plaintiff was insufficient in law to establish any liability on the part of Sturgeon, and that the plaintiff had failed in his proof as to him. The court sustained the motion, and the plaintiff excepted.

The defendant Saffel then filed a motion asking the court to dismiss the action as to him for the following reasons: that no evidence had been offered that would make him liable in damages; that the court had no jurisdiction of the subject-matter of the action, or of the person of defendant Saffel. The court sustained the motion, and plaintiff excepted.

The plaintiff filed a motion for a new trial, which was overruled, and to which the plaintiff excepted. To the overruling of said motion for a new trial, together with other errors claimed in the record, the plaintiff in error prosecutes error to this court, and seeks a reversal of the judgment of the court below.

We have examined the record, transcript and files here presented and find no error that would warrant a reversal of the court below as to the defendant George W. Sturgeon, and the judgment of the common pleas as to Sturgeon is affirmed.

But how stands the issue as between plaintiff and defendant E. G. Saffel? Summons was issued and served on him in Columbiana county, where he resides. He filed a motion attacking the jurisdiction of the court, and it was heard and overruled. He then requested and was granted leave to file an answer, and did so. He plead two defenses in his answer, but in no way challenged the jurisdiction of the court, and thereby voluntarily entered his appearance and consented to the jurisdiction of the court over the subject-matter of the action, also jurisdiction over his person.

The cause came on for trial, and he appeared and participated in the proceedings, or at least was there by counsel. The defendant embraced his first opportunity to challenged the jurisdiction of the court when he filed the motion to quash the service and return of summons, but there he stopped, and did not continue to avail himself of this defense when the motion to quash was overruled by the court. He asked for and was given leave to plead, and then filed his answer to the amended petition, and again failed to take advantage of the opportunity presented of attacking the jurisdiction of the court, and then appeared in the trial of the case.

If a party wishes to insist upon the objection that he is not in court he must keep out for all purposes except to make that

Clippinger v. Sturgeon.

objection. But defendant Saffel did not do this, and by his own acts placed himself within the jurisdiction of the court, and he is now in no position to complain.

We further find from the record that in the trial of the case the plaintiff offered some evidence that would tend to support the allegations of his petition as against the defendant Saffel, and the court should have submitted it to the jury.

We have examined the following authorities, and believe they are decisive of the case at bar: *Allen* v. *Miller,* 11 Ohio St. 374; *Mason* v. *Alexander,* 44 Ohio St. 330 [7 N. E. 435]; *Long* v *Newhouse,* 57 Ohio St. 348, 370 [49 N. E. 79].

The court below erred in rendering judgment in favor of the defendant E. G. Saffel, and said judgment is hereby reversed, and the cause is remanded to the court of common pleas for a new trial as between A. E. Clippinger and E. G. Saffel.

**Shields** and **Powell, JJ.,** concur.