RIEGEL, DIRECTOR OF EDUCATION, *v.* THE STATE, EX
REL. WEAVER, PROS. ATTY.

*Mandamus—Waiver of jurisdiction and entry of appearance—
Pleading after overruling motion to quash service—
Action against county and state officers—Service may
issue to another county, when—Mandamus to secure state
aid, necessary to keep schools open—Parties.*

1. Where the respondent in a mandamus case, after the motion
to quash service for want of jurisdiction of the person
has been overruled, files in order a motion to make more
definite and certain, an answer, and a demurrer, without
making any protest that the court has no jurisdiction of
his person other than such as is contained in the motion
to quash service, he thereby waives the question of jur-
isdiction of his person, and enters his appearance. (*Clip-
pinger* v. *Sturgeon,* 5 Ohio App., 233, followed.)
2. Where a county board of education, the county auditor,
and a township board of education, located in the county,
are joined with the state director of education as re-
spondents in a suit in mandamus to open the public
schools of a township school district, which, under the
facts alleged in the petition, is entitled to state aid, and
such respondents are properly joined, and where service
is lawfully made upon one or more respondents in the
county where the action is brought, process may law-
fully issue to another county of the state for the re-
maining respondents, and service thereof be lawfully
made therein.

[1] Appearances, 4 C. J. §§ 28, 29, 32, 66; [2] Mandamus,
38 C. J. § 647 (Anno.).

3. Where the facts show that state aid is necessary to keep the public schools of a township school district open and running, under the principle announced in *State ex rel.* v. *Ross*, 109 Ohio St., 461, 143 N. E., 34, a peremptory writ of mandamus may be allowed against all officials and official boards necessary to give full, adequate, and complete relief, and all such officials and boards may properly be joined as parties to the proceeding.

(Decided February 15, 1926.)

ERROR: Court of Appeals for Williams county.

Mr. *C. C. Crabbe*, attorney general, and Mr. *Charles S. Best*, for plaintiff in error.

Mr. *Lisle M. Weaver*, prosecuting attorney, Mr. *A. L. Gebhard*, and Mr. *W. H. Shinn*, for defendant in error.

WILLIAMS, J.  The state of Ohio, on relation of the prosecuting attorney, brought an action in mandamus in the common pleas court of Williams county against the board of education of northwest township in Williams county, the board of education of Williams county, the auditor of Williams county, and the state director of education of the State of Ohio, to compel the doing of certain things incident to the levying and collecting of taxes in northwest township rural school district, Williams county, Ohio, to enable the board of education of that district to open and maintain the eight district schools therein.  The court below held that all of the defendants, with the exception of the auditor, were guilty of gross abuse of dis-

[3] Mandamus, 38 C. J. § 554.

cretion, and granted a writ of mandamus substantially as prayed for.

The final judgment, in so far as it relates to the state director of education, reads as follows:

"It is ordered that a peremptory writ of mandamus issue herein against the defendant, the director of education of the state of Ohio, ordering the director of education of the state of Ohio to direct the county board of education of Williams county, Ohio, to levy an additional tax of 3.05 mills on the taxable property of northwest township rural school district so that the levy may meet the requirements to share in the state educational equalization fund of the state of Ohio, and so that the levy may be sufficient to maintain schools in said district for eight months of the school year, and said defendant, the director of education of Ohio, is further ordered and directed that he find that the levying of said tax is necessary to maintain the schools for eight months in the school year, and that it is necessary for the county board of education of Williams county, Ohio, to levy said tax."

Thereupon the state director of education began this proceeding in error asking for a reversal of the judgment of the court below, but none of the parties to the proceeding below has been made a party to this proceeding in error by the plaintiff in error, save and except the state of Ohio.

The plaintiff in error urges several grounds of error, which will be considered in order.

1. Was the service invalid because General Code, Section 12290, was not complied with?

Section 12290 requires that the writ shall con-

tain a copy of the petition and verification and a copy of the order of allowance. The petition and verification were omitted from the writ served upon the state director of education. The order of allowance attached thereto, however, was very full and complete. We fail to see how the state director of education could have been prejudiced by the mere omission of a copy of the petition and verification. Yet the statute relating to service, being jurisdictional, must be strictly construed. However that may be, he filed a motion to make more definite and certain, an answer, and a demurrer on the same day that he filed his motion to quash service without making any protest that the court had no jurisdiction of his person, except in the motion last referred to. Under the rule laid down in *Clippinger* v. *Sturgeon,* 5 Ohio App., 233, he thereby entered his appearance.

Was the action improperly brought in Williams county as against the state director of education, under the provisions of General Code, Section 11271, which provides that actions against a public officer for neglect of his official duty shall be brought in the county where the cause of action arose? We are aware of the general rule laid down in *Meeker* v. *Scudder,* 108 Ohio St., 423, 140 N. E., 627. The omission of duty on the part of the state director of education which is complained of is that he failed to cause to be placed upon the duplicate of Williams county and charged against northwest township rural school district an additional tax levy of such an amount that the total amount levied for the current year for all school purposes against that district would amount to

9.5 mills, thereby entitling the district to state aid.
The performance of such duty would give no re-
lief in opening the schools, unless the auditor and
boards of education involved did their part. It
was proper, therefore, to join all necessary pub-
lic officials and boards of education, so that full
and complete relief might be given in accordance
with the principle laid down in *Marion County* v.
*Coler*, 75 F., 352, 21 C. C. A., 392, from which we
quote as follows:

"When a plaintiff has shown himself entitled to
a mandamus to compel the levy and collection of
taxes by a county to pay a judgment against it, he
is entitled to one which will set in motion all the
necessary machinery, including the action of an
assessor and collector, required to be taken after
the levy of the tax by the county court, although
no demand has been made on such officers to per-
form the acts so required. "

As the several officials and boards of education
were jointly neglectful of official duty in failing to
open the schools in the district in question, it would
appear, not only that all were jointly committing
that neglect in the district where the schools were
located, but also that the state director of educa-
tion might be joined under the principle announced
in *State, ex rel. Belknap*, v. *Board of Deputy State
Supervisors of Elections*, 3 Ohio App., 190. All
of them were necessary parties, in order to grant
complete relief, and, unless all of them could be
sued in one county, and the writ issue to another
county, it would be impossible to join the defend-
ants necessary to give complete relief. In the
chapter relating to mandamus, under Section

12291, General Code, service of the writ seems to be limited to personal service, and it would seem that, if the action is brought in the proper county, personal service may be made anywhere in the state by the sheriff of the proper county. If it is regulated by the law relating to the service of summons, then there is an express provision in Section 11282, General Code, permitting service of the writ to another county.

We are not convinced that the court erred in overruling the motion to quash service.

2. Did the court err in overruling the motion to make more definite and certain, and in overruling the demurrer?

As to the overruling of this motion and the demurrer, we need only say, in passing, that we are of the opinion that the court below committed no prejudicial error in so doing.

3. Did the court err in granting the relief prayed for?

It is claimed that discretion was reposed in the state director of education, and that that discretion could not be controlled. While it is true that ordinarily a writ will not issue to control discretion, yet it will issue where it is clearly shown that the refusal to perform a duty resulting from office, trust, or station is an abuse of discretion. *Board of Education* v. *State, ex rel. Wickham,* 80 Ohio St., 133, 88 N. E., 412. The court below held, as has been stated, that certain officials and official boards against whom the writ issued were guilty of a gross abuse of discretion in not opening the public schools of the district in question. We have compulsory education under the laws of Ohio. It

is the duty of the officials and official boards having charge of education of the youth of school age to provide schools, and the laws governing state aid in the state of Ohio are intended to prevent the closing of schools. At the time for opening school in the fall of 1925 the district in question had practically no funds with which to open its schools. In addition to that, it was in debt in the sum of $6,753. The estimated expense for running the schools of the district for the 1925-1926 school year, excluding the cost of upkeep and repair of buildings and incidental expenses, was $10,650. It follows that the district would require $17,403 to pay its existing indebtedness and the estimated expense for the current school year. There was no prospect of receiving any money until the February, 1926, settlement, and the estimated amount of that settlement was $3,000. The August settlement would be substantially the same as the February settlement. The tax duplicate for the district was $1,430,000. A 3-mill levy would bring in $4,290. It is thus apparent that the two settlements and the 3-mill levy would produce only $10,290, which would be less than the amount needed for the estimated expenses of the school year, to say nothing of the existing indebtedness and cost of upkeep, repairs and incidentals. Under the principle announced in *State, ex rel.,* v. *Ross,* 109 Ohio St., 461, 143 N. E., 34, the district was entitled to participate in the state educational equalization fund.

It is very clear, under these circumstances, that, if any school district would ever need state aid, this one needed it. The only power which this

court has is to determine whether or not the finding of the court below is manifestly against the weight of the evidence. We are of the unanimous opinion that the finding was not only not manifestly against the weight of the evidence, but was amply sustained by it. Substantial justice has been done, and the judgment will be affirmed.

*Judgment affirmed.*

RICHARDS and YOUNG, JJ., concur.