(134 So. 89)

SNYDER et al. v. DAVISON et al.

In re SNYDER et al.

No. 31027.

March 30, 1931.

See, also, 129 So. 185, 131 So. 64.

Milling, Godchaux, Saal & Milling, Irving R. Saal, and Lawrence K. Benson, all of New Orleans, for petitioners.

Titche, Kiam & Titche, of New Orleans, for respondents.

O'NIELL, C. J.

The plaintiffs, W. S. Snyder and William H. Snyder, are residents of Cincinnati, Ohio, where they are engaged in business as a partnership, styled W. S. Snyder & Son. The defendants are George W. Davison & Co., a commercial partnership domiciled and doing business in New Orleans, La., and the members thereof, George W. Davison, Charles F. Davison, and Emile A. Davison, all residing in New Orleans.

In August, 1925, the Snyders brought suit against the firm of George W. Davison & Co. and the members thereof, in the court of common pleas, in Cleveland, Cuyahoga county, Ohio, for $1,373.61 damages for an alleged breach of contract. The plaintiffs alleged that the damages claimed had resulted from a refusal of George W. Davison & Co. to accept or pay for three carloads of onions, sold by the Snyders to George W. Davison & Co., and shipped from Cincinnati to New Orleans. The suit was filed at a time when George W. Davison was temporarily in Cleveland, attending an apple growers' convention; and service of the citation or summons was made by a deputy sheriff's handing a copy thereof to George W. Davison, in Cleveland, addressed to him individually, and a copy addressed to the firm of George W. Davison & Co., and a copy addressed to each of the two other members of the firm—neither of whom was in Ohio.

The defendants, through attorneys in Cleveland, filed a motion to quash the service of summons, on the ground that the service was not made by an authorized person, and that none of the defendants was subject to the jurisdiction of the Ohio court. The motion to quash was sustained by the court; but, on motion of the plaintiffs' attorneys, the court allowed an amendment to the deputy sheriff's return; whereupon the attorneys for the defendants excepted to the court's exercising jurisdiction over their person, in the matter of the motion to amend the deputy's return. The return on the summons having been amended the attorneys for the defendants again moved to quash the service of summons; and, the motion being overruled, they excepted to the ruling. The attorneys for the defendants then answered, with reservation of their exception to the jurisdiction of the court, thus: "First defense. Defendants deny that this court has any jurisdiction over their persons. The subsequent defenses pleaded herein shall be without prejudice to this first defense." The subsequent defense, stated substantially, was that the contract was made in New Orleans, with a broker in New Orleans, for delivery of the onions in New Orleans, in a sound condition and suitable for export; and that the onions, on ar-

rival in New Orleans, were not sound or suitable for export. The case was tried by a jury, who gave a verdict for the plaintiffs for the amount sued for, $1,373.61, with interest from the 12th of February, 1925. The attorneys for the defendants then filed a motion for a new trial, complaining, first, of the amount of the verdict; second, that the verdict was not sustained by sufficient evidence; third, that it was contrary to law; fourth, that the court erred in admitting evidence objected to by the defendants; fifth, that the court erred in refusing to admit evidence offered by the defendants; sixth, that the court erred in refusing the defendants' motion to direct the jury to render a verdict for the defendants, or else a verdict for only nominal damages; seventh, that the court erred in its charge to the jury; and, eighth, other errors occurring at the trial and excepted to by the defendants.

The court overruled the motion for a new trial, to which ruling the defendants' attorneys excepted; and the court then rendered judgment in accordance with the verdict, to which the defendants' attorneys again excepted. They then filed a petition in error in the Court of Appeals of Cuyahoga county. The Court of Appeals affirmed the judgment of the court of common pleas; whereupon the attorneys for the defendants filed a motion in the Supreme Court of Ohio for an order directing the Court of Appeals of Cuyahoga county to certify its record to the Supreme Court, which motion was overruled by the Supreme Court.

The present suit is for a judgment against the partnership of George W. Davison & Co., and the members thereof in solido, for the $1,373.61 and interest, on the faith of the judgment of the Ohio court of common pleas. The defense is that the judgment of the Ohio court is absolutely null, for want of jurisdiction. The judge of the civil district court gave judgment for the plaintiffs, from which the defendants appealed; and the Court of Appeal reversed the judgment. A rehearing was granted, at the instance of the plaintiffs, and on reargument and resubmission of the case the Court of Appeal reinstated and adhered to its decree that the judgment of the Ohio court was null. The case is here on a writ of review.

█ Although the Civil Code, article 2872, declares that the members of a commercial partnership are liable in solido for the debts of the partnership, it is well settled that a member of a commercial partnership is not subject to suit for a debt of the partnership, except as a member of the partnership, and that a judgment cannot be obtained against a member of a partnership for a partnership debt, while the partnership exists, except by obtaining also a judgment against the partnership itself. Smith v. McMicken, 3 La. Ann. 322; Key v. Box, 14 La. Ann. 497; Wolf v. New Orleans Tailor-Made Pants Co., 52 La. Ann. 1366, 27 So. 893; Newman v. Eldridge, 107 La. 315, 31 So. 688; E. B. Hayes Machinery Co. v. Eastham, 147 La. 352, 84 So. 898, 901. It is therefore too plain to admit of argument that the temporary presence of George W. Davison in Cuyahoga county, Ohio, did not subject him, or the partnership of George W. Davison & Co., or either of the two other members of the partnership, to the jurisdiction of the court of common pleas of Cuyahoga county, Ohio, in a suit for a debt of the partnership.

██ It is not disputed—in fact it is virtually conceded by counsel for plaintiffs—that the court of common pleas of Cuyahoga county, Ohio, did not have jurisdiction to render a judgment against George W. Davison & Co., or the members thereof, and that the judgment sued on in this case is therefore

null unless the defendants waived their exception to the jurisdiction of the Ohio court by moving for a new trial, in the court of common pleas, without reiterating or expressly reserving their exception to the jurisdiction of the court. In their petition for a rehearing in the Court of Appeal for the parish of Orleans, in their brief in support thereof, in the assignment of errors in their petition to this court for a writ of review, and in their brief in support thereof, counsel for the plaintiffs insisted that the only question to be decided was whether the defendants, George W. Davison & Co. and the members thereof, waived their exception to the jurisdiction of the court of common pleas of Cuyahoga county, Ohio, by moving for a new trial in that court, without reiterating or expressly reserving their exception to the jurisdiction of the court. We agree with them that that is the only question in the case.

The rule established by the Supreme Court of the United States, and the rule in this state, and, as far as we are aware, the universal rule, is that the question of jurisdiction of a court, ratione personæ, is not presumed to be waived unless the defendant fails or neglects, in his first appearance in the suit, to except to the jurisdiction of the court. If the defendant, being sued in a court that has not jurisdiction ratione personæ, excepts to the jurisdiction when he first appears in the suit, and urges the exception before making any other defense, and if the exception is overruled, he is not compelled to allow judgment to go against him by default, but may thereafter resort to any other appropriate means of defense, without reiterating his protest against the jurisdiction of the court, and without thereby creating a presumption that he has abandoned his exception to the jurisdiction of the court. When a judge has erroneously overruled an exception to his jurisdiction, there is no good reason why the exceptor should continue to remind the judge of his error at every stage of the proceedings, in order to avoid a presumption that he (the exceptor) acquiesces in the erroneous ruling.

In Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, it was held:

"Illegality in the service of process by which jurisdiction is to be obtained is not waived by the special appearance of defendant to move that the service be set aside; nor after such motion is denied, by his answering to the merits. Objection to the illegal service is considered as abandoned only when the party pleads to the merits in the first instance, without insisting upon the illegality."

In the course of the opinion in that case the court said:

"He [the defendant] is not considered as abandoning his objection because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

In Hassler v. Shaw, 271 U. S. 195, 46 S. Ct. 479, 70 L. Ed. 901, it was held:

"Where the record shows defendant's denial of the jurisdiction and the grounds for it, the denial need not be reiterated in the bill of exceptions to get it into the record so as to bring the question before the appellate court."

Plaintiffs' counsel contend that the question, whether the filing of the motion for a new trial in the court of common pleas of Cuyahoga county, Ohio, had the effect of an abandonment of the defendant's exception to the jurisdiction of the court, must be determined by the law of the forum—the law of Ohio; and, in support of the argument that the defendants' moving for a new trial in

that court did have the effect of an abandonment of their exception to the jurisdiction, the following Ohio cases are cited, viz.: Marsden v. Soper, 11 Ohio St. 503; Fee v. Big Sand Iron ·Co., 13 Ohio St. 563; Shafer v. Hockheimer & Son, 36 Ohio St. 215; Long v. Newhouse, 57 Ohio St. 348, 49 N. E. 79; Clippinger v. Sturgeon et al., 5 Ohio App. 233; and Bliss v. Smith, 24 Ohio App. 366, 156 N. E. 618, Court of Appeals of Muskingum County, Ohio.

■ Conceding that the law of Ohio controls the decision of this case, we do not find the Ohio jurisprudence favorable to the plaintiffs' contention. For example, in Marsden v. Soper, the plaintiff was an indorsee of a promissory note, annexed to which was a warrant of attorney purporting to authorize a confession of judgment in favor of any holder of the note, and he obtained judgment against the makers of the note, on confession of an attorney, acting under the warrant. Thereafter the defendants appeared and moved to vacate the judgment, but afterwards voluntarily consented to a dismissal of their motion to vacate, and then resorted to proceedings in error—or what we would call an appeal. The record in the Supreme Court of Ohio did not disclose whether the motion to vacate the judgment was based on the want of jurisdiction in the court of common pleas, or on error or irregularity in the judgment, aside from the question of jurisdiction. The Supreme Court said that, if the motion to vacate was based upon error or irregularity in the judgment, aside from the question of jurisdiction, the motion itself constituted such an appearance as would have the effect of waiving the question of jurisdiction. The reason for that was, of course, that the defendants' appearance to move to vacate the judgment was their first appearance in the case, and it is at the first appearance that a de-

fendant must except to the jurisdiction of the court, ratione materiæ, or the presumption will be that he waives the question of jurisdiction. The Supreme Court of Ohio, in that case, referring to the motion to vacate the judgment, said:

"If the motion was based on an alleged want of jurisdiction, it would be no such appearance or waiver; and if the motion had been erroneously determined against the defendants in the judgment, they might have taken their exceptions, and reversed the ruling of the court. But, instead of doing this, while they were in the proper court, at a proper time, and while the whole matter was under the control of that court, they voluntarily consented to the dismissal of the motion, and, by so doing, it seems to us, they voluntarily consented to let the judgment stand against them, and ought not now to be allowed to allege a want of jurisdiction in the court which rendered it."

In Fee v. Big Sand Iron Co., the defendant failed, at the first opportunity, or in its first appearance in the case, to except to the jurisdiction of the court. The judgment went by default in the court of common pleas, and the defendant, in its first appearance, and without excepting to the jurisdiction of the court, merely gave notice of intention to appeal.

In Shafer v. Hockheimer & Son, judgment was rendered against the defendants by default, in a suit on a promissory note, before a justice of the peace. The defendants afterwards appeared and gave a bond for a stay of execution, according to a statute of Ohio (1 S. & C. 797, § 156), the condition of the bond being that, in default of payment by the defendants, the sureties on the bond would pay the judgment and costs. When the stay of execution expired, the plaintiff issued execution; whereupon the defendants commenced proceedings in error in the court of common

pleas to reverse the judgment on the ground that the summons had not been legally served. When the case came before the Supreme Court of Ohio it was held, of course, that, by appearing and giving bond for a stay of execution of the judgment, the defendants had waived the question of legality of the service of the summons, and that it was not necessary for the court to pass upon that question.

In Long v. Newhouse, also, the defendant failed to except to the jurisdiction of the court "at the earliest opportunity." The facts of the case and the substance of the ruling are stated in the syllabus, viz.:

"In order to enable a defendant to object to the jurisdiction of the court over his person, the objection must be made at the earliest opportunity of the party. If, before making such objection, the party appears and makes a motion that the plaintiff be required to attach an account of the items of his claim to his petition, or that he be required to separately state and number his causes of action, or that he be required to strike certain matter from his petition, in either of these cases the party voluntarily submits himself to the jurisdiction of the court, and he cannot afterwards be heard to object thereto."

Clippinger v. Sturgeon et al. was a suit against Sturgeon and Seffel for $5,000 damages for malicious prosecution. The suit was brought in the court of common pleas in Stark county, where Sturgeon resided. Seffel resided in Columbiana county. He filed an exception to the jurisdiction of the court, which exception was heard and overruled, and reserving a bill of exceptions to the ruling, he answered, setting up two defenses, but not reiterating his exception to the jurisdiction. Sturgeon answered the suit, and, when the plaintiff had offered his evidence, moved to dismiss the case as to him, Sturgeon, on the ground that the evidence offered was not sufficient in law to establish any liability on his part. The motion was sustained, and the plaintiff excepted. Seffel then moved to dismiss the suit as to him, on the ground that the court did not have jurisdiction to render a judgment against him, except as a codefendant with a resident of that county. The motion was sustained, but, on appeal to the Court of Appeals, the judgment was reversed. The decision was cited with approval by the Court of Appeals for Williams county, Ohio, in Riegel, Director of Education, v. State ex rel. Weaver, Pros. Atty., 20 Ohio App. 1, 151 N. E. 784; but the reason given for the decision was that Seffel should have repeated his exception to the jurisdiction in his answer to the suit. In that respect the case is different from the case before us. It is sufficient, however, to say that the decision in Clippinger v. Sturgeon et al. was not rendered by the Supreme Court of Ohio, and cannot be reconciled with the decision rendered by that court in Bucurenciu v. Ramba et al., 117 Ohio St. 546, 159 N. E. 565, 566, decided in December, 1927. That was a suit for damages resulting from a collision of an automobile driven by the defendant, Ramba, with an automobile driven by the codefendant Cohen. The suit was brought in the court of common pleas of Mahoning county, where Ramba resided. Cohen resided in Cuyahoga county, where the sheriff of that county served the summons issued to the sheriff of Mahoning county. Cohen filed a general denial. The jury returned a verdict in favor of Ramba and a verdict against Cohen for $750. The Court of Appeals reversed the judgment against Cohen, and the Supreme Court affirmed the decision, saying:

"The sole question here presented, as we view it, is whether the general denial of Cohen challenged the jurisdiction of the court

over his person, and therefore whether he may be held to have challenged such jurisdiction at his first opportunity. * * *

"If the court obtained jurisdiction over Cohen at all, it obtained it by the appearance of Cohen in the filing of the answer and by his participation in the trial. That he did appear and participate in the trial is not in controversy. The effect of the general denial is the question here. * * *

"The averment that the tort was committed jointly with Ramba was essential to give the court jurisdiction to hale Cohen into court in Ramba's county. That averment being denied, it was as essential to a recovery against Cohen that the plaintiff prove that Ramba's negligence joined with the negligence of Cohen in causing the injury as it was that she prove that the negligence of Cohen directly contributed to her injury."

In the syllabus of the case the doctrine is stated thus:

"Where the question of the jurisdiction of the court over the person of the defendant is one of fact, not appearing upon the face of the record, objection made thereto by answer of the objecting defendant as his first act in the case is objection at the first opportunity, and saves an exception to the jurisdiction."

Bliss v. Smith was decided by the Court of Appeals of Ohio, Muskingum county, December 18, 1926. The decision is not unfavorable to the defendants in this case. The judgment was taken by default on a cognovit note, and the defendant's first appearance was to move to set aside the judgment and hold it for naught. The court sustained the motion, but the Court of Appeals modified the decree by merely vacating the judgment and giving the defendant an opportunity to answer. The reason for the modification of the decree was that the defendant had failed to except to the jurisdiction at his first opportunity.

The defendants in the present case refer us to the case of Ohio Electric Railway Co. v. United Express Co., 105 Ohio St. 331, 137 N. E. 1, the syllabus of which reads:

"A defendant, appearing only for the purpose of objecting to the jurisdiction, upon the overruling of such objection is not bound to rely at his peril solely upon his exception thereto, but may make full defense without waiving such objection."

Our conclusion is that the Ohio jurisprudence is against the contention of the plaintiffs in this case. They cite, as the law of Louisiana on the subject, the decisions in Abbot v. Wilbur, 22 La. Ann. 368, and Keyes v. Dade, 8 La. App. 257. In Abbot v. Wilbur, the court decided nothing more than that, when a defendant in a suit pleads lis pendens on the ground that the same controversy is pending in another suit between the parties, and is successful in his plea, he is estopped to sue to annul the judgment rendered against him in the other suit for want of citation. That decision is not appropriate to this case. In Keyes v. Dade, decided by the court of appeal, it was held that the question of legality of the citation was waived by the defendant's voluntary appearance to apply for a new trial. That was the first and only appearance the defendant made in the case, and, instead of challenging the jurisdiction of the court, he pleaded that the plaintiff's petition did not disclose a cause of action, and that the damages allowed against him were excessive.

█ The Court of Common Pleas of Cuyahoga county, Ohio, in this case, did not decide that the defendants waived the question of jurisdiction by moving for a new trial. The court overruled the exception to the jurisdiction before any question of waiver arose; and, as far as the record shows, it was that ruling which the Ohio Court of Appeals affirmed, and which the Supreme Court of Ohio

refused to review. Our opinion is—and in fact it does not seem to be disputed—that that ruling of the Ohio court of common pleas was wrong. In fact it was violative of the Fourteenth Amendment of the Constitution of the United States.

The judgment of the Court of Appeal is affirmed.