TALIAFERRO, Judge.
Plaintiff sued the defendant to recover judgment for the cost of repairing the damage to his Packard automobile, resulting from being rammed by defendant’s truck, at the time driven by his son, Grady Easom. The accident occurred in the night time, June 30, 1948, in the intersection of North Fourth Street and Louisville Avenue, in the City of Monroe, Louisiana.
Defendant is sought to be held responsible for the damages sued for 'on the ground that at the time of the accident his son was an unemancipated minor, residing with his father, and, in addition, was “acting as the agent of and for the said J. A. Easom”, the father. Responsibility for the accident is charged to the son’s negligence in that he failed to observe the traffic light suspended above the intersection, at the time red.
Defendant articulately denied each paragraph of the petition. There was judgment for the amount sued for and defendant appealed.
It developed during trial that Grady Easom, at the time of the accident, was over the age of 18 years, and married.
It is not seriously contended that the charge of negligence to defendant’s son is not well founded. The testimony adduced to support the charge is unusually clear for a case of this character. The son, not at a rapid speed, did drive his truck into the intersection after the traffic light facing him had changed from green to red, and after it had been perempted by the Packard car.
The sole testimony pertinent to the business relation between defendant and his son at the time of and prior to the accident, is that of the latter, who was introduced by plaintiff as his witness. The father did not testify. The son testified that the truck belonged to his father, that they lived in Oak Grove, Louisiana, and were engaged as partners in the buying and selling of farm products, especially watermelons; that he drove the truck from Oak Grove to Galhoun, fifteen miles west of Monroe, where he purchased some melons and was hurrying back to Oak Grove to deliver them the following morning to a merchant there to whom they had already been .contracted.
Of course, the suit as against the defendant predicated upon the theory that when the accident occurred his son was a minor, not emancipated by marriage or otherwise, in view of the testimony, must fall. And the alternative position of agency must suffer like fate because the son’s own testimony, to no extent refuted, makes it clear that he was not acting as his father’s agent in purchasing and transporting the melons, but was on a mission for the partnership between the two of them. As the partnership was engaged in the buying and selling of personal property, it falls within the definition of a commercial one. Civil Code Article No. 2825.
It is well settled that a member of a commercial partnership may not be held liable for partnership obligations except in a suit against the partnership and against him as a member thereof. Snyder et al. v. Davison et al., 172 La. 274, 134 So. 89. It was expressly held in this case that: “Judgment cannot be obtained against partners for partnership debts while partnership exists, except by obtaining also judgment against partnership. Civ. Code, art. 2872.”
Appellee contends that testimony, without objection, was admitted that had the effect of enlarging the pleadings in such way and manner as to warrant judgment against the defendant individually. This position is not well founded. The testimony referred to concerns the business relationship between defendant and his son. It was clearly admissible under the original pleadings. The answer denies that the son was an unemancipated minor when the accident occurred, and that he was then acting as defendant’s agent. This denial tendered issue on the primary and alternative phases of plaintiff’s demand, *164 and,- of course, defendant had the right to introduce testimony or rely upon that which plaintiff introduced, to sustain the issue tendered by the denial.
The suit was improvidently instituted against defendant solely in his individual capacity.
For the reasons herein given, the judgment from which appealed is annulled, avoided and reversed; and there is now judgment in favor of the defendant and against the plaintiff, rejecting the demand and dismissing the suit as in case of non-suit. Plaintiff is cast for all costs.