H. C. ELKINS, Appellant,

v.

Lawrence U. WEST, Appellee.

No. 8470.

Court of Civil Appeals of Texas, Texarkana.

July 26, 1977.

Charles E. Thompson, Lovelace & Thompson, Inc., Atlanta, for appellant.

Harry B. Friedman, Don B. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

CORNELIUS, Justice.

The principal question in this appeal is whether the defendant, in this Texas suit brought to enforce a Louisiana judgment, was entitled to contest the jurisdiction of the Louisiana court after he had unsuccessfully appeared there specially to contest that jurisdiction in the original suit.

Appellee West recovered judgment for $22,500.00 damages, plus interest and attorney's fees, against Appellant Elkins in the District Court of Caddo Parish, Louisiana. The suit grew out of an automobile collision in Louisiana which involved a vehicle belonging to appellant and driven by a person alleged to have been appellant's agent. Process was served upon appellant by service upon the Louisiana Secretary of State pursuant to a Louisiana statute [1] which provides that the use of the Louisiana highways by a non-resident motorist constitutes the appointment by said motorist of the Secretary of State as his agent to receive service of process in any suit growing out of such use. Appellant appeared specially in the Louisiana court to contest the jurisdiction. The basis of his contest was that the driver of the vehicle was not his agent but was an independent contractor. After hearing evidence on the plea to the jurisdiction, the trial judge concluded and announced from the bench that appellant had failed to carry his burden of showing that the driver was not his agent. Appellant did not appear further in the Louisiana court or contest the merits of the cause of action, and that court thereupon proceeded to render judgment against him for damages, costs and attorney's fees. Appellee subsequently brought suit on the judgment in the District Court of Cass County, Texas, and then moved for summary judgment, attaching to his motion duly authenticated copies of the Louisiana court's opinion and judgment. Appellant resisted the motion for summary judgment by filing an affidavit wherein he asserted that neither he personally nor any person acting as his agent had driven his vehicle in Louisiana on the occasion in question and that consequently the Louisiana court did not have jurisdiction. The trial court granted appellee's motion for summary judgment. On appeal appellant contends that the question of jurisdiction was not fully heard and finally

---

1. La.Rev.Stat. 13:3474.

disposed of in the Louisiana court, that he was therefore entitled to contest the jurisdiction in the Texas proceeding, and that his affidavit raised a genuine issue of fact as to the Louisiana court's jurisdiction. Appellee contends that the Louisiana court determined the issue of jurisdiction against appellant and that further litigation of the issue is therefore precluded by the full faith and credit provisions of the United States Constitution.[2]

█ For appellee to have been entitled to summary judgment, he had the burden to show, by competent summary judgment proof, that he was entitled to recover as a matter of law. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex. 1970). When he produced copies of the Louisiana judgment, authenticated as provided by 28 U.S.C.A. Sec. 1738, he showed that judgment to be entitled to full faith and credit in the Texas courts and entitled to recognition and enforcement, unless there was a showing of fraud or lack of jurisdiction on the part of the rendering court. *Garman v. Reynolds*, 284 S.W.2d 262 (Tex.Civ.App. Fort Worth 1955, writ ref'd); *Hamilton v. Newbury*, 412 S.W.2d 801 (Tex.Civ.App. Dallas 1967, writ ref'd n. r. e.); *Roberts v. Hodges*, 401 S.W.2d 332 (Tex.Civ.App. Amarillo 1966, writ ref'd n. r. e.); 34 Tex. Jur.2d, Judgments, Sec. 383, p. 404 (1962). The right of a court of one state to question whether a court of another state had jurisdiction when it entered a judgment sought to be accorded full faith and credit has long been recognized. *Williams v. North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); *Thompson v. Whitman*, 18 Wall. 457, 21 L.Ed. 897 (1874). But the permissible scope of such an inquiry has been carefully restricted. When the enforcing court's inquiry reveals that the question of the rendering court's jurisdiction was raised by the defendant in that court and was there fully litigated and finally determined, the issue of jurisdiction may not be relitigated, and the judgment, even as to jurisdiction, is entitled to full faith and credit. *Durfee v. Duke*, 375 U.S. 106, 84

S.Ct. 242, 11 L.Ed.2d 186 (1963); *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939); *Moody v. First Nat. Bank of Dona Ana County*, 530 S.W.2d 879 (Tex.Civ.App. Houston-1st Dist. 1975, writ ref'd n. r. e.); Restatement of Judgments, Sec. 9; 50 C.J.S. Judgments § 893c(2), p. 505. The foregoing rule applies even though the defendant's appearance in the rendering court is a special one limited to contesting the jurisdiction. *Baldwin v. Iowa State Traveling Men's Asso.*, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931).

The copies of the Louisiana court's opinion and judgment reveal that appellant appeared specially in that court and contested jurisdiction on the same ground which he attempted to urge in his affidavit in opposition to summary judgment in the Texas court. The matter was heard and determined adversely to his contention, thus bringing this case squarely within the rules heretofore discussed and foreclosing any relitigation of the issue in the Texas court. *Moody v. First Nat. Bank of Dona Ana County, supra.*

█ Appellant recognizes the general rules heretofore noted but seeks to escape their application on two grounds. First, he contends that the copies of the Louisiana court's opinion and judgment do not reveal that the issue of jurisdiction was fully litigated. We cannot agree. The Louisiana court's "opinion" on the question of jurisdiction indicates that the question of lack of agency, the very ground appellant sought to urge in the Texas court, was fully litigated and considered in that court. It is to be presumed that appellant presented to that court all other defenses to the jurisdiction which were available to him; at least, he had the obligation to do so. In no event could he try the issue of jurisdiction piecemeal in two courts. Second, appellant contends there was no final determination by the Louisiana court of the jurisdictional question. He asserts that the opinion of the Louisiana court on the question was only a transcript of the trial judge's com-

2. United States Constitution Art. IV, Sec. 1.

**824**

ments from the bench and did not constitute an official order or judgment denying the jurisdictional plea. But regardless of the form of the pronouncement, the opinion was certified as the official act of the court, and we think it clear that the court found the issue of jurisdiction against appellant and overruled his special appearance; otherwise, the court would not have been authorized to thereafter entertain the suit on its merits and render judgment as it did on April 10, 1974.

Appellant attempts to distinguish this case from *Moody v. First Nat. Bank of Dona Ana County, supra,* because in that case the defendant's failure to appeal the ruling on the jurisdictional contest constituted a significant basis for the decision. Appellant contends that in the case at bar there was no final judgment or order from which he could have appealed. It is true that he could not have immediately appealed from the mere denial of his plea to the jurisdiction, regardless of what form it took. In Texas an order overruling a special appearance to contest the jurisdiction is interlocutory and not appealable. *Carpenter Body Works, Inc. v. McCulley,* 389 S.W.2d 331 (Tex.Civ.App. Houston 1965), writ ref'd, cert. denied, 382 U.S. 979, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966); Thode, In Personam Jurisdiction; Article 2031B, The Texas "Long Arm" Jurisdiction Statute; And The Appearance To Challenge Jurisdiction In Texas And Elsewhere, 42 Texas L.Rev. 279, 332 (1964). We assume that the law of Louisiana is the same. See Thode, In Personam Jurisdiction, supra, at page 291; *Snyder v. Davison,* 172 La. 274, 134 So. 89 (1931). But appellant could have appealed the default judgment, or he could have gone to trial on the merits after the overruling of his special appearance, and if the judgment went against him, he could have then appealed on both the merits and the jurisdictional question. *Baldwin v. Iowa State Traveling Men's Asso., supra.* Having litigated the question of jurisdiction and having chosen not to proceed further in the Louisiana court by trial on the merits and appeal, appellant has had his day in court and cannot relitigate the matter in the Texas court.

It is also urged that the Louisiana statute violates due process and is therefore unconstitutional because it contains no provision rendering it reasonably probable that a defendant, once process is served upon the Secretary of State, will be given notice thereof or will have a copy of the citation forwarded to him. See *Wuchter v. Pizzutti,* 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928). The answer is that such a contention may properly be raised only by one who has suffered injury due to lack of notice or opportunity for a hearing. *American P. & L. Co. v. Securities and E. Com.,* 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed. 103 (1946). Appellant obviously received some notice of the Louisiana suit because he voluntarily appeared there to contest the jurisdiction. Under those circumstances he is not entitled to urge that the statute is unconstitutional because it fails to provide reasonable assurances that a defendant will receive personal notice of the suit.

Appellant's last point is that the court erred in awarding summary judgment for attorney's fees. Appellee has conceded error in that regard and has filed a remittitur in the amount of the award. The judgment will therefore be modified to eliminate the award for attorney's fees.

As modified the judgment of the trial court is affirmed.