**State v. Hammonds**
*[Cite as 5 AOA 174]*

*Case No. 55507*
*Cuyahoga County, (8th)*
*Decided August 16, 1990*

*John T. Corrigan, Esq., Cuyahoga County Prosecutor, Justice Center, 1200 Ontario Street, Cleveland, OH 44113, for Plaintiff-Appellee.*

*Patricia M. Walsh, Esq., Walsh & Doughten, 1040 Standard Building, 1370 Ontario Street, Cleveland, OH 44113, for Defendant-Appellant.*

MARTIN, J.

Defendant-appellant, Catherine Hammonds, appeals from her conviction for the offense of aggravated murder with a firearm specification.

On July 7, 1987, the appellant was indicted by the grand jury of Cuyahoga County for one count of aggravated murder with a firearm specification in violation of R.C. 2903.01.

On July 23, 1987, the appellant was arraigned, wherein a plea of not guilty was entered to the offense of aggravated murder with a firearm specification.

On February 16, 1988, a jury trial was commenced with regard to the one count of the indictment. On March 10, 1988, the jury returned a verdict of guilty to the charged offense of aggravated murder with a firearm specification.

Immediately after discharge of the jury, the trial court sentenced the appellant to incarceration within the Ohio Reformatory for Women, Marysville, Ohio for a term of life imprisonment with regard to the offense of aggravated murder and a term of three years of actual incarceration with regard to the firearm specification. Thereafter, the appellant timely brought the instant appeal.

I.

The appellant's first assignment of error is that:

"THE TRIAL COURT COMMITTED PLAIN ERROR BY ALLOWING THE ADMISSION OF EXTENSIVE TESTIMONY ABOUT OTHER BAD ACTS OF APPELLANT AND OF HER GENERAL BAD CHARACTER AND BY SUBSEQUENTLY LIMITING DEFENSE TESTIMONY TO REBUT THESE MATTERS."

The appellant, in her initial assignment of error, argues that the trial court erred in allowing the State of Ohio to introduce "other acts" testimony during the course of trial which allegedly demonstrated the bad character of the appellant.

This assignment of error is not well taken.

During the direct examination of the state's witnesses, testimony was adduced with regard to:

(1) the appellant's continuing history of problems with the neighborhood children;

(2) the appellant's display of a handgun to the neighborhood children during times of confrontation; and

(3) the broken window incident which subsequently resulted in a mediation meeting before the juvenile court. The record, however, fails to indicate that the appellant objected to any of the "other acts" testimony.

An appellate court is prohibited from reviewing an alleged error that was not preserved in the lower court by way of objection or motion. Cf. *State v. Awan* (1986), 22 Ohio St. 3d 120; *State v. Williams* (1969), 14 Ohio St. 2d 56. The failure of the appellant to object to the "other acts" testimony results in the finding that the trial court did not err by permitting the introduction of "other acts" testimony.

In addition, a substantive review of the "other acts" testimony adduced on behalf of the State of Ohio fails to indicate that the jury was prejudiced so as to result in harmful error. Cf. *State v. Matlock* (Jan. 18, 1990), Cuyahoga App. No. 56473, unreported. Ordinarily, evidence of a defendant's character is not admissible in an effort to prove conformity therewith on a particular occasion per Evid. R. 404(A). However, Evid. R. 404(B), which deals with exceptions to the nonadmissibility of character evidence, provides that:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

This court, with regard to the application of Evid. R. 404, held in *State v. Chakirelis* (Aug. 23, 1984), Cuyahoga App. No. 47804, unreported, at 7, that:

"Evid. R. 404(A) only prohibits the circumstantial use of character evidence in which the character trait is used to show a person acted in conformity with that trait on a particular occasion. *See* Editor's Comment to Evid. R. 404, Ohio Rules of Evidence Handbook (Gianelli)."

In addition, this court in *State v. Wilson* (1982), 8 Ohio App. 3d 216, at 218, held that:

"Under Evid. R. 404(B), '[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.' However, such evidence may be 'admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.' The Staff Note to Evid. R. 404(B) emphasizes that this list of justifiable purposes for evidence of other acts is *not* exclusive or exhaustive. Therefore, a party may sometimes introduce 'other acts' evidence, although the purpose for its admission is not enumerated in Evid. R. 404(B).

"Where such evidence is not offered for the forbidden purpose, and is not admitted for one or more of the listed permissible purposes, then it is admissible only if it is relevant under Evid. R. 401 and not excluded under Evid. R. 403. Evid. R. 401 states that evidence is relevant where it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" See also *State v. Smith* (1990), 49 Ohio St. 3d 137 at 140.

Herein, the record indicates that the testimony provided by the state's witnesses with regard to the appellant's "other acts" was not used to impeach the credibility of the appellant, nor was it used in an attempt to establish evidence of a prior character trait. Clearly, the "other acts" testimony was used to establish proof of motive, intent, preparation, plan, knowledge, and identity as allowable under Evid. R. 404(B). *State v. Jamison* (1990), 49 Ohio St. 3d 182.

Further review of the record fails to disclose that the "other acts" testimony should have been excluded on the basis that its probative value was outweighed by unfair prejudice to the appellant. On the contrary, any prejudicial effect produced by the admission of the "other acts"

testimony was far outweighed by the probative value of the "other acts" testimony.

Therefore, the appellant's first assignment of error is not well taken.

## II.

The appellant's second assignment of error is that:

"THE TRIAL COURT COMMITTED PLAIN ERROR BY GIVING ERRONEOUS JURY INSTRUCTIONS ON SELF-DEFENSE, THE INFERENCE WHICH COULD BE DRAWN FROM THE USE OF A DEADLY WEAPON AND A DEFENDANT'S CAUSAL RESPONSI-BILITY, AND BY FAILING TO GIVE A LIMITING INSTRUCTION THAT "OTHER ACTS" EVIDENCE MUST NOT BE CONSID-ERED AS ANY PROOF WHATSOEVER THAT THE ACCUSED DID ANY ACT ALLEGED IN THE INDICTMENT. APPEL-LANT WAS THEREBY DEPRIVED OF HER RIGHT TO DUE PROCESS OF LAW."

The appellant, in her second assignment of error, argues that the trial court erred by delivering a defective jury instruction. Specifically, the appellant argues that the trial court's jury instruction was defective as a result of:

"(1) improper self-defense instructions;

"(2) improper instructions with regard to the elements of purpose and causation; and

"(3) the failure to provide the jury with a limiting instruction with regard to 'other acts' testimony."

This assignment of error is not well taken.

Crim. R. 30(A), which deals with errors associated with jury instructions, provides that:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies of such requests shall be furnished to all other parties at the time of making such requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The court need not reduce its instructions to writing.

"A party may not assign as error the giving or the failure to give any instructions unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Herein, the appellant was provided with an opportunity to object to the trial court's jury instruction. In fact, the appellant did object to the trial court's jury instruction on any lesser included offense to aggravated murder. However, the record fails to indicate that the appellant objected to the trial court's jury instruction with regard to the affirmative defense of self-defense and the elements of purpose and causation. In addition, the appellee did not object to the failure of the trial court to deliver a cautionary instruction with regard to "other acts" testimony.

This court, as mandated by Crim. R. 30(A), has consistently held that a defendant, absent the existence of plain error, waives any right to assign as error a trial court's jury instruction unless an objection was specifically made at trial. *State v. Blackwell* (Dec. 17, 1987) Cuyahoga App. No. 53185, unreported; *State v. Wilson* (Dec. 18, 1986), Cuyahoga App. No. 51519, unreported. Thus, based upon the failure of the appellant to object to the trial court's jury instruction on the issues of self-defense, purpose, causation, or "other acts" testimony, this court is not permitted to review the appellant's second assignment of error.

In addition, we find no plain error associated with the trial court's jury instruction. The Supreme Court of Ohio, with regard to the issue of plain error and jury instructions, held in *State v. Cooperrider* (1983), 4 Ohio St. 3d 226, at 227, that:

"Recently, in *State v. Underwood, supra,* this court had occasion to address the plain error issue. There it was held that the giving of an incorrect jury instruction on voluntary manslaughter, virtually identical to the charge given in the present case, fell short of meeting the criteria for plain error. This court noted that an erroneous jury instruction "does not constitute a plain error or defect under Crim. R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long* (1978), 53 Ohio St. 2d 91, 97 [7 O.O.3d 178). Additionally, the plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice." *State v. Underwood, supra; State v. Long, supra.*

A review of the trial court's jury instruction discloses that the trial court properly instructed the jury with regard to all the elements of the offenses of aggravated murder, murder, and voluntary manslaughter. Although the trial court may have improperly instructed the jury

with regard to the elements of self-defense and "other acts" testimony, any error was harmless error beyond a reasonable doubt in light of the overwhelming proof of the appellant's guilt of the offense of aggravated murder. The outcome of the appellant's trial would not have been different since the appellant failed to demonstrate the initial two elements of self-defense. Cf. *State v. Williford* (1990), 49 Ohio St. 3d 247; *State v. Robbins* (1979), 58 Ohio St. 2d 74. In addition, the "other acts" testimony was not so prejudicial as to taint the jury's verdict absent a cautionary instruction. *State v. Clayton* (1980), 62 Ohio St. 2d 45; *State v. Banks* (1986), 31 Ohio App. 3d 57.

Thus, the appellant's second assignment of error is not well taken.

### III.

The appellant's third assignment of error is that:

"APPELLANT WAS DEPRIVED OF HER CONSTITUTIONALLY GUARANTEED RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO OBJECT TO HIGHLY PREJUDICIAL 'OTHER ACTS' EVIDENCE AND BY COUNSEL'S FAILURE TO OBJECT TO ERRONEOUS JURY INSTRUCTIONS AND THE OMISSION OF A LIMITING INSTRUCTION ON 'OTHER ACTS' EVIDENCE."

The appellant, in her third assignment of error, argues that she was denied effective assistance of counsel during the course of trial. Specifically, the appellant argues that the failure of defense counsel to object to the trial court's jury instruction with regard to self-defense, the elements of purpose and causation, and the failure to provide a cautionary instruction with regard to "other acts" testimony prejudiced the appellant and resulted in an unfair trial.

This assignment of error is not well taken.

In order to demonstrate a claim of ineffective assistance of counsel, the appellant must show that:

"(1) defense counsel's performance at trial was seriously flawed and deficient and

"(2) the result of the trial would have been different had defense counsel provided the appellant with proper representation during the course of trial. *Strickland v. Washington* (1984), 466 U.S. 668; *State v. Brooks* (1986), 25 Ohio St. 3d 144. This court must further apply the presumption that a properly licensed attorney executes his legal duty in an ethical and competent manner and that defense counsel's strategic choices made during the course of trial cannot be examined through hindsight." *Strickland v. Washington, supra; State v. Smith* (1985), 17 Ohio St. 3d 98; *Vaughn v. Maxwell* (1965), 2 Ohio St. 2d 299.

The alleged failures of defense counsel to object to the trial court's jury instruction did not prejudice the appellant nor deny the appellant a fair trial. As dealt with in the appellant's second assignment of error, the trial court did properly instruct the jury with regard to the elements of aggravated murder and its lesser included offenses. The trial court's failure to properly instruct the jury with regard to the elements of self-defense and "other acts" testimony clearly did not prejudice the appellant, nor would a "correct" jury instruction have resulted in a finding of innocence on behalf of the appellant.

Therefore, the failure of defense counsel to object to the trial court's jury instruction did not deprive the appellant of a fair trial, and the appellant was not denied effective assistance of counsel. The appellant's third assignment of error is not well taken.

### IV.

The appellant's fourth assignment of error is that:

"THERE IS CONSTITUTIONALLY INSUFFICIENT EVIDENCE TO SUSTAIN APPELLANT'S CONVICTION FOR AGGRAVATED MURDER."

The appellant, in her fourth assignment of error, argues that insufficient evidence was adduced at trial to sustain the appellant's conviction for the offense of aggravated murder. Specifically, the appellant argues that the State of Ohio failed to prove the element of prior calculation and design beyond a reasonable doubt.

This assignment of error is not well taken.

In reviewing a claim of insufficient evidence, this court must determine, after reviewing the evidence in a light most favorable to the state, whether any rational trier of fact could have found all of the essential elements of the charged offense beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307. In addition, the weight of the evidence and the credibility of witnesses are primarily a matter for consideration by the trier of fact, and this court will not reverse a verdict where there is substantial and credible evidence upon which the trier of fact could reasonably conclude that all the elements of the charged offense have been proven beyond a reasonable doubt. *State v. ~* (1978), 56 Ohio St. 2d 169; *State v. DeHass* (1967), 10 Ohio St. 2d

230, 231; *State v. Martin* (1983), 20 Ohio App. 3 172.

In the case *sub judice,* the record discloses the existence of substantial credible evidence upon which the trier of fact could reasonably conclude that the elements of the offense of aggravated murder, specifically the element of prior calculation and design, had been proven beyond a reasonable doubt.

This court, in *State v. Jenkins* (1976), 48 Ohio App. 2d 99, at 101, construed the element of prior calculation and design stated that:

"Prior calculation and design sets up a more demanding standard than the old first degree murder standard of 'deliberate and premeditated malice.' Prior calculation and design requires the accused to have killed purposefully after devising a plan or scheme to kill. There must be some kind of studied analysis with its object being the means by which to kill. The kind of momentary deliberation or instantaneous premeditation that was the accepted standard under the old statute, as exemplified by *State v. Schaffer* (1960), 113 Ohio App. 125, \*\*\* is no longer sufficient or acceptable."

In addition, the Supreme Court of Ohio, in *State v. Cotton* (1978), 56 Ohio St. 2d 8, has interpreted the element of prior calculation and design as follows:

"Instantaneous deliberation is not sufficient to constitute 'prior calculation and design.'

"Where evidence adduced at trial reveals the presence of sufficient time and opportunity for the planning of an act of homicide to constitute prior calculation, and the circumstances surrounding the homicide show a scheme designed to implement the calculated decision to kill, a finding by the trier of fact of prior calculation and design is justified. *State v. Cotton* (1978), 56 Ohio St. 2d 8, paragraphs two and three of the syllabus."

The testimony, as presented by the State of Ohio on the element of prior calculation and design, revealed that:

(1) the appellant threatened the victim's son with death (Tr. 55, 157);

(2) the victim, after waking from a sound sleep, ventured from his home to investigate the threatening behavior of the appellant (Tr. 56, 158);

(3) the victim followed the appellant to her home (Tr. 56, 112, 124, 159);

(4) the appellant, upon returning to her home, stated, "Come on, you go like all the rest" and "Ain't nothing my .38 can't handle" (Tr. 112, 159);

(5) the victim knocked in a normal manner at the appellant's side door (Tr. 56, 113, 125, 159);

(6) the appellant instructed the victim to go to the front door (Tr. 57, 159);

(7) the appellant shot the victim through the front screen door (Tr. 57, 159); and

(8) the victim was discovered approximately three feet from the front steps of the appellant's home (Tr. 208).

This testimony clearly demonstrates that the appellant had adopted a specific and calculated plan to murder the victim. *State v. Toth* (1977), 52 Ohio St. 2d 206. Thus, the State of Ohio presented sufficient evidence at trial with regard to the element of prior calculation and design and also provided sufficient evidence with regard to the remaining elements of the offense of aggravated murder.

Therefore, the appellant's fourth assignment of error is not well taken.

*Judgment affirmed.*

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

PATTON, C.J., PRYATEL., J., concur.

Sitting by Assignment, August Pryatel, retired Judge of the Eighth District Court of Appeals; William J. Martin, Judge of the Carroll County Court of Common Pleas.