BLISS *v.* SMITH.

*Appearance—Filing motion to set aside judgment—Vacating and suspending judgment on cognovit note.*

1. Where plaintiff took judgment on a cognovit note, defendant, by filing motion to set aside judgment in trial court, entered appearance.
2. Where plaintiff took judgment on cognovit note, court was authorized to vacate and suspend judgment and give defendant opportunity to tender answer and file same, if it contained defense in law, and have case heard on merits.

(Decided December 18, 1926.)

ERROR: Court of Appeals for Muskingum county.

*Messrs. George & Leasure,* for plaintiff in error.
*Mr. L. F. Sater,* for defendant in error.

HOUCK, J. This is an error proceeding, and comes into this court from the common pleas court of Muskingum county.

S. B. Bliss, the plaintiff, took judgment on a cognovit note, claiming to be the owner and holder thereof against Daisy A. Cook Smith, the defend-

ant, in the common pleas court of Muskingum county. The defendant filed a motion to set aside said judgment upon a number of grounds stated therein. The cause was submitted to the trial judge upon said motion, and without any evidence being offered in the hearing.

The trial judge sustained the motion and set aside the judgment and held it for naught. Question: Was the setting aside of such judgment prejudicial to the rights of plaintiff?

First. We find and hold that the defendant, Smith, entered her appearance in the proceedings in the lower court by filing the motion to set aside the judgment.

Second. Under the record facts in this case we are fully satisfied that the trial court committed prejudicial error in setting aside and holding for naught the judgment entered in the first instance.

However, we do find that the court was authorized, under the record facts, to vacate and suspend such judgment, and to give the defendant an opportunity to tender answer, and leave to file same if it contained a defense in law, the cause then to be heard on its merits on the petition, answer, reply, and the evidence.

Judgment reversed, and cause remanded to the common pleas court for further proceedings according to law, as above indicated.

*Judgment reversed and cause remanded.*

SHIELDS and SAYRE (of the Fourth Appellate District, sitting in place of LEMERT, J.), JJ., concur.