## DAYTON MORRIS PLAN BANK v GRAHAM et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1252. Decided Feb 19, 1934

Hollencamp & Lair, Dayton, for plaintiff in error.

C. J. Graham, Dayton, and W. S. Rhotehamel, Dayton, for defendants in error.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined on proceedings in error from the judgment of the Common Pleas Court of Montgomery County, Ohio. The cause originated in the Municipal Court of Dayton, Montgomery County, Ohio, and there-

in the parties appearing in the same order as in this court, judgment was rendered in favor of the plaintiff, against the defendants on a cognovit note in the sum of $70.30.

Error was prosecuted to the Court of Common Pleas where the judgment of the Municipal Court was reversed on the ground that said Municipal Court was without jurisdiction of the subject matter. It is from this final order that the error proceedings are prosecuted in this court.

Counsel for the respective parties present very able briefs, citing therein authorities in support of their respective contentions.

The judgment in the Municipal Court was entered on a cognovit note in the sum of $70.30 without service of summons on the defendants, and no other entry of appearance except under and by virtue of the provisions of the note authorizing any attorney at law, after note due, to appear in any court of record and confess judgment in favor of the holders.

The sole and only question involved in this case is whether or not the Municipal Court of Dayton, Ohio, has jurisdiction to enter judgment by authority of the cognovit provisions of a note, where the amount due is less than $100.00. It is the conclusion of the Municipal Court that it does have such jurisdiction, and the holding of the Common Pleas Court that there is the want of jurisdiction.

The cognovit provision of the note in question is substantially identical with the provisions of similar notes of larger amounts, and wherein the jurisdiction of Common Pleas Court to enter judgment under power of attorney is well recognized.

There are no specific statutory provisions authorizing judgments on cognovit notes under the power of attorney without other service or appearance, although there are statutory references to such judgments which impliedly recognize the legality of the procedure.

The purpose of service of summons is to give notice whereby the defending litigant may have his day in court. It is recognized that a waiver of summons just as effectively enters the appearance of such litigant. What an individual may do in person, he may do by representative or agent, and the courts have gone to the point that he may authorize any individual of a class to enter his appearance and confess judgment. Under the provisions in a cognovit note, it is not usual to name the individual authorized to appear and confess judgment, but it is generally said that any attorney at law may so do.

The authority is based on the agreement of the parties and being an agreement coupled with an interest, it can not be rescinded. **Swisher v Orrison, 122 Oh St, 195.**

A very interesting case giving the nature and scope of the power will be found in **First National Bank of Findlay v Trout et, 58 Oh St, 347.** Attention is also called to the opinion by Judge Shauck.

In the instant case the power to confess judgment reads as follows:

"And we jointly and severally do hereby authorize any attorney at law to appear for us, or any of us, or the survivor or survivors of us, in an action on the above note brought against us, or either of us, or the survivor or survivors of us, at any time after said note becomes due, in any court of record in the State of Ohio, or elsewhere, to waive the issuing and service of process against us, or any of us, or the survivor or survivors of us, and confess judgment in favor of the legal holder of the above against us, or any of us, or the survivor or survivors of us, for the amount that may be due thereon, with interest, at the rate therein mentioned, and cost of suit and also in behalf of us, or any of us, or the survivor or survivors of us, to waive and release all errors in said proceedings and judgments, petitions and writs of error thereon."

Plaintiff's petition in the Municipal Court sets out every necessary fact entitling it to judgment against the defendants. John H. Sutton, as an attorney at law of the Bar in Montgomery County, Ohio, under and by virtue of the authorization and powers granted in the note, entered appearance for the defendants and on their behalf confessed judgment.

One of the requirements in the power and authority to confess judgment is that it must be in a court of record, and under the code the Municipal Court of Dayton is a court of record.

Sec 1579-46 GC, reads as follows:

"That hereafter the Police Court in the city of Dayton shall be a court of record and shall be styled 'The Municipal Court of Dayton' and is hereinafter designated and referred to as the Municipal Court."

It was the conclusion of the Court of Common Pleas that the Municipal Court would not have jurisdiction to enter cognovit judgments where the amount involved was less than $100.00, although it seems to be conceded that the jurisdiction would exist if the amount exceeded $100.00. This is on the theory that the Municipal Court is limited in its jurisdiction to that held by justices of the peace where such Magistrate Court held exclusive jurisdiction and by reference would have the jurisdiction of the Common Pleas Court where such court held concurrent or exclusive jurisdiction. It is claimed that a Magistrate's Court did not have jurisdiction to enter cognovit judgment and therefore the Municipal Court would have no greater powers in such cases where the amount is less than $100.00. That brings us to an examination of the various sections of the Code prescribing the jurisdiction of the Municipal Court of Dayton. §1572-51 GC, among other things, provides that the Municipal Court shall have civil jurisdiction within the limits of the city of Dayton in all actions on contracts, express or implied, when the amount claimed by plaintiff does not exceed $1000.00. In the closing provisions of §1579-54 GC, it is provided that when the laws conferring jurisdiction upon a Court of Common Pleas are inconsistent with this act or plainly inapplicable, then all laws which now or may hereafter confer jurisdiction upon a justice of the peace with respect to the powers herein incorporated, shall apply. The first paragraph in this same section, §1579-54 GC, reads as follows:

"In all civil actions and proceedings of which the Municipal Court has jurisdiction, (irrespective of the amount involved) or the nature of the action, or proceedings, the laws which now or may hereafter confer jurisdiction upon the Court of Common Pleas giving such court or officer power to hear and determine such causes prescribing the force and effect of their judgments, orders or decrees and authorizing or directing the execution and enforcement thereof, shall be held to extend to the Municipal Court."

It is our construction that the provision of the section just quoted removes all question as to the jurisdiction of the Municipal Court to enter judgment by confession under power of attorney as contained in the usual provisions of the cognovit note. Special attention is called to the language wherein it says, "irrespective of the amount involved, or the nature of the action." This language was incorporated in this section of the Code under the amendment of 1927. See Vol. 112 Ohio Laws, page 242. (§1579-54 GC).

Under the original act creating the Mu-

nicipal Court of Dayton, Ohio, (Ohio Laws, Vol. 103, 1913, page 385, et seq.,) and in §9 thereof, (afterwards given §1579-54 GC) the jurisdiction of the Municipal Court was extended to all laws conferring jurisdiction upon the Court of Common Pleas, and Police Court or a Justice of the Peace.

Under the amendment of 1927, the provision relative to a "Police Court or Justice of the Peace" was eliminated, and in place thereof was added the provision "that when the laws conferring jurisdiction upon a Court of Common Pleas are inconsistent with this act or plainly inapplicable, then all laws which now or may hereafter confer jurisdiction upon a Justice of the Peace with respect to the powers herein incorporated shall apply." As we construe this amendment the Municipal Court of Dayton shall be controlled in its action and proceedings according to the laws conferring jurisdiction upon Courts of Common Pleas except where such laws are inconsistent or plainly inapplicable. There is nothing in entering a judgment on cognovit inconsistent with the jurisdiction of the Court of Common Pleas, except on the question of amount, and the, act itself takes care of that wherein it says "irrespective of the amount involved." It cannot be said that the exercising of this jurisdiction is "plainly inapplicable." By transposing the language in §1579-54 GC, it may clear up some awkward expressions without changing its language or doing violence to its meaning. In the interests of clarifying we would suggest the following transposition:

"All laws which now or may hereafter confer jurisdiction upon a Court of Common Pleas * * * shall be held to extend to the Municipal Court in all civil actions and proceedings of which the Municipal Court has jurisdiction irrespective of the amount involved or the nature of the action or proceeding."

Under the amendment of 1927 an additional paragraph was added to §1579-51 GC, and numbered 10:

"The Municipal Court shall have jurisdiction over the person of all persons lawfully served with process within the limits of the city of Dayton."

We are unable to see that this section has any bearing upon the question under consideration in the instant case. In effect it guarantees to every individual that he cannot be held to answer process except he be served within the limits of the city of Dayton. There are similar laws which provide that a defendant can not be held to answer a service outside the county where he resides or has been served in actions pending in the Common Pleas Court. In other words, a resident of Adams County may not be sued in Wyandotte County against his objection .where service was made upon him in Adams County. Of course there are well recognized exceptions to this rule, but unnecessary to enumerate. A litigant may waive the issuing of process and enter his appearance in any court regardless of his residence. This waiver may be made in various ways. The entry of judgment on a cognovit note in the Court of Common Pleas without service of summons is by virtue of the agreement in the note itself waiving the issuing of process and authorizing the confession of judgment. We see no reason why this rule is not applicable in the Municipal Court of Dayton.

The addition of the words "irrespective of the amount involved" can have no other purpose, in so far as we can divine, than to clarify the jurisdiction of the Municipal Court. That its purpose was to make definite its jurisdiction to enter cognovit judgments in sums less than $100.00 seems to be the most reasonable explanation of the amendment. None other has been suggested and we know of no other purpose.

The Common Pleas Court has general jurisdiction to enter cognovit judgments. The fact that it can not entertain jurisdiction to enter judgments on power of attorney in sums other than $100.00 is an exception to its general jurisdiction. The amendment, though imperfect, is intended to remove from the Municipal Court jurisdiction the exception to the. general jurisdiction of the Common Pleas Court respecting cognovit judgments in sums less than $100.00.

We are unable to see how the question of jurisdiction of the subject matter of the action could be questioned in the case at bar. The Municipal Court act of Dayton very clearly confers jurisdiction upon such court in actions upon contract where the amount does not exceed a thousand dollars. Of course a promissory note is a contract, and the amount involved. was less than a thousand dollars. There is no minimum amount fixed and hence the fact that the amount due on the note was less than a hundred dollars would not affect the jurisdiction of the subject matter. We really think the question discussed revolves around the subject of the jurisdiction over the parties defendant. Of course, if. it should be determined that the Municipal

Court does not have the jurisdiction to enter judgment on cognovit notes under the power of attorney, then it would necessarily follow that the judgment would be void, but it would be due to the fact that such court did not have jurisdiction of the parties. Jurisdiction of subject matter may not be waived, but jurisdiction of person can be waived. **Steamboat Captain Buell v Long, 18 Oh St, 521.** We think the defendants under the power given in the cognovit note waived service and authorized the entry of their appearance and confession of judgment. Could it be contended that these defendants if perchance they reside outside of Dayton or Montgomery County, could not have personally appeared in the Municipal Court, entered their appearance and have gone to trial on the merits? Since the Municipal Court of Dayton is a court of record, this entry of appearance may be made just as effectively under the cognovit provisions of the promissory note.

Furthermore, it is our judgment that the motion interposed by the defendant in the Municipal Court was of such a character as to enter the appearance of the defendants. From the memoranda accompanying the motion it clearly appears that counsel for the defendants was in fact questioning the jurisdiction of the person, although it is designated "jurisdiction of the subject of this action." In subdivision 2 of the motion objection was made that the judgment was taken for more than was legally due. In subdivision 3, that the defendants were not legally notified; and 4, that they have a meritorious defense. There being no transcript of the proceedings in the Municipal Court on the hearing of the motion, we are unable to determine its scope. Under proper showing the Municipal Court could have suspended the judgment and permitted the defendants to file an answer and defend. In the absence of a transcript of the proceedings we are unable to determine whether or not there was any abuse of discretion. The defendants in presenting their motion do not disclaim entering appearance. Neither do they say that they appear for the sole purpose of questioning the jurisdiction of the court. The scope of the motion and affidavit in support thereof is much broader and in reality invoked the jurisdiction of the court. Litigants cannot invoke jurisdiction and at the same time question it.

In our judgment the effect of the motion was to enter the appearance and in support we cite the following cases: **Watson v Paine, 25 Oh St, 340; Handy v Insurance**

Company, 37 Oh St, 366; **Bliss v Smith, 24 Oh Ap, 366, (6 Abs 28).**

We are constrained to the opinion that the judgment of the Court of Common Pleas must be overruled and the cause remanded for further proceedings according to law. Costs are awarded against defendants in error. Exceptions will be allowed to the defendants in error.

HORNBECK, PJ, and KUNKLE, J, concur.

## ON APPLICATION FOR REHEARING

Decided March 9, 1934

By THE COURT

The above entitled cause is now being determined on application of defendant in error for rehearing. Appended to the application is memorandum of counsel for applicant.

We have no quarrel with the principle announced in **Buchanan v Roy's Lessee, 2 Oh St, 252,** but it was our conclusion that the Municipal Court did have jurisdiction and therein the instant case is to be distinguished from the cited case. The entire question revolves around the proper construction to be given §1579-54 GC.

We still adhere to the reasoning announced in the original opinion.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.