### RABINOVITZ v NOVAK

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15133. Decided Nov 25, 1935

Hoye. Copperman and DeBard, Cleveland, for plaintiff in error.

Joseph H. Sawicki, Cleveland, for defendant in error.

## OPINION

By TERRELL, J.

This case is before us on proceedings in error from the Municipal Court of Cleveland.

Isadore Rabinovitz obtained a judgment in the Municipal Court against John Novak May 13th, 1935, upon default. On August 8th, 1935, being a date after the term in which judgment was entered, a petition to vacate this judgment was filed by John Novak. In the petition to vacate it was claimed that the judgment should be vacated for the reason that fraud was practiced by the successful party in obtaining the default judgment. This is one of the grounds set up in §11631 GC for vacating a judgment.

On August 8th the court allowed a temporary restraining order against the enforcement of this judgment. Apparently this order was made pursuant to §11638 GC, which reads as follows:

"Sec 11638 GC. The party seeking to vacate or modify a judgment or order may have an injunction suspending proceedings on the whole or a part thereof, to be granted by the court or a judge thereof, when it is rendered probable, by affidavit, or by exhibition of the record, that he is entitled to a vacation or modification of such judgment or order."

The purpose for this statute is apparent. Pending determination of the merits of the petition to vacate the judgment, the judgment should not be enforced.

In this case a levy had been made upon an automobile of John Novak. This temporary restraining order stayed further proceedings in the execution.

On August 20th the petition to vacate was called for hearing, the parties being present. The court heard no evidence, merely inspected the petition to vacate judgment and thereupon made the following entry upon its docket.

"To Court: Motion to vacate partly heard. It appearing to the court that the defendant has ground for vacation of the judgment heretofore rendered herein and has an issuable defense, further proceedings herein are hereby stayed pending the final disposition of the action. The defendant is given leave to file an answer by August 30th, 1935."

Isadore Rabinovitz, plaintiff in error, objected to this proceeding of the court on the ground that no evidence was introduced by John Novak to make proof of his ground for vacating the judgment.

The procedure for vacating a judgment is clearly set forth in Chapter six under the heading "Other Relief After Judgment," and §11631 GC sets forth certain grounds upon which judgment may be vacated after term. It is incumbent upon the party seeking to vacate a judgment under this statute to make proof of one or more of these grounds set forth before a court is justified in disturbing a judgment. The only action a court may take prior to proof of one of the grounds set forth in §11631 GC is to temporarily suspend the proceedings under said judgment as provided in §11638 GC herein above set forth. The procedure first requires the court not only to determine that a good cause for vacating the judgment is set forth in the petition, as enumerated in §11631 GC, but proof of said cause must be made, and the court must adjudicate that such cause exists. In addition sufficient reason or excuse ought to be shown to the satisfaction of the court why the defendant failed to answer the summons, if properly served, and why he neglected to be present at the trial.

The procedure set forth in §11636 GC reads as follows:

"Sec 11636 GC. GROUNDS FOR VACATing FIRST TRIED.—The court must try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action."

Now if the court does adjudicate that one of the causes set forth in §11631 GC for the vacation of the judgment does exist, leave should then be granted defendant to file an answer. The next step of orderly procedure provided by the statute is under §11637 GC which reads as follows:

"Sec 11637 GC. WHAT MUST PRECLUDE VACATION.—A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; * * *"

Clearly, from these statutes it is plainly seen that after the court first adjudicates that there exists a meritorious ground under §11631 GC for vacating judgment, the court will then proceed to a trial of the case on the merits and the judgment cannot be vacated unless it is thereupon adjudicated by the court that the plaintiff has no right to recover of the defendant upon the issues joined.

If, upon a hearing of the grounds for vacating the judgment the court determines that no valid grounds exist under §11631 GC, then the petition to vacate should be dismissed.

It is apparent that the trial court has been led into error in his conclusion, as stated in the bill of exceptions, that all that is necessary for a defendant to do to have a judgment vacated is to set up an answer or affidavit that he has a good defense to the action. The court in his opinion calls our attention to the case of **Resnick v Paryzek, 23 Oh Ap 327 (5 Abs 388).** This was a case the opinion in which was written by Judge Sullivan and apparently pertains to a case where a judgment was·vacated within term, and defendant given leave to file his answer and counter-claim. It being within term, it has' invariably been held that a court has control of its own docket during the term and may vacate a judgment without adjudicating the merits of a defense offered, but this may only be done if there is no abuse of judicial discretion.

The right of a court to control its docket, at its discretion, does not extend over to the following term in order to vacate a judgment in the following term.

We call attention to the case of **Horwitz**

et v **Murri, 24 Oh Ap 109 (5 Abs 134).** The opinion in this case was also written by Judge Sullivan and refers to the vacation of judgment after term. The syllabus of the case is as follows:

"1. In application for vacation of judgment after term, under §§11631 and 11637, GC, court must first determine grounds on which it is sought to suspend or vacate judgment, and, if ground exists, court must determine whether defense is valid or cause of action stated, and, if found in affirmative, judgment should be suspended.

"2. Suspension of judgment without taking prejudgment steps on question of irregularity in entering judgment and on question of validity of defense was prejudicial error, under §11637, GC."

A reading of the facts in this case just cited will disclose a set of facts somewhat similar to the instant case. The case was called for hearing upon a petition to vacate and the trial court entered an order suspending the judgment and giving defendant leave to file an answer without proceeding first to an adjudication of the ground of "irregularity" which is one of the grounds set up in §11631 GC.

The case of **Horwitz v Franklin, 35 Oh Ap, page 32, (8 Abs 263),** is also brought to our attention in the opinion of the trial court. In this case Judge Vickery rendered the opinion and it · is clearly decided that there was no abuse of discretion in the trial court in refusing to vacate a default judgment where the defendant failed to plead one of the statutory grounds under §11631 GC.

In his opinion the court used the following language found on page 34 of the opinion:

"It was said in this court that the company had a defense, but there was no answer tendered in the court below setting up a defense, nor was there any offer to prove what the defense was in the court below, but the notion seems to be prevalent that all it had to do during the term was to show that it had a good defense. Now that is where lawyers are mistaken. If service of summons is properly made, and the return is properly made, and judgment by default is properly entered in the absence of the defendant, if it be a case where default judgment can be taken, or by proof of damages in a case like the instant case, then before such judgment can be set aside or vacated, either during or after term, defendants must show some statutory reason why they failed to answer and be present and put in a defense at the time they should have done so."

. If it is · necessary to plead a statutory ground in a petition to vacate a judgment, it follows that it is necessary to prove such allegation.

From the statutes and the cases herein cited, it is apparent that upon the calling of the petition to vacate the judgment for hearing it was the duty of the court not only to determine by inspection that a proper cause for vacating the judgment was alleged in the petition, under §11631 GC, but it was his further duty to proceed to a hearing of said allegation. That would necessitate proof by defendant John Novak that the grounds set up in the petition as a reason for vacating the judgment were true, that is, that plaintiff had practiced fraud against him in obtaining the default judgment.

To sustain this allegation of fraud the burden is on John Novak to make proof thereof by clear and convincing evidence. The bill of exceptions is absolutely devoid of any evidence to sustain this allegation. The court was not justified in adjudicating that this ground for vacation of the judgment existed.

Defendant in error John Novak claims that this was not a final order and hence is not reviewable by the Court of Appeals. He claims it is not a final order because upon the final trial of the case upon its merits judgment may be entered in favor of Isadore Rabinovitz. We are of the opinion that it is a final order; that the substantial rights of Isadore Rabinovitz have been prejudiced in that a judgment duly entered has been suspended without cause, and in that it has been found and adjudicated by the court without any justification that a ground for vacation of the judgment existed.

Entertaining these views it is our conclusion that the finding of the trial court on August 20th, 1935, that a ground for vacating the judgment existed should be reversed and this case remanded for further proceedings according to law.

LIEGHLEY, PJ, and LEVINE, J, concur in the judgment.