**NATIONAL GUARANTY & FINANCE CO v LINDIMORE**

Ohio Appeals, 2nd Dist, Franklin Co

Decided Nov 18, 1937

Gumble & Gumble, Columbus, for plaintiff-appellant.

Paul M. Herbert, Columbus, for defendant-appellee

**OPINION**

By GEIGER, J.

This action is before this court on questions of law.

The original action was begun in the Municipal Court of Columbus, Ohio. In the action in that court, the plaintiff sought to recover upon a contract, the sum of $716.56.

The defendant answered, setting up the defense, "that there is nothing due or owing now or will there be anything due or owing on said transactions, until such time as the Franklin automobile may be sold.

The defendant in the Municipal Court, set up by the way of cross-petition, a claim against the plaintiff, upon which he asked judgment in the sum of $789.00, praying that the petition be dismissed.

Upon trial in the Municipal Court, judgment was rendered in favor of the plaintiff, for the amount claimed, and appeal was taken by the defendant to the Common Pleas Court, after notice had been given to the Municipal Court of such appeal.

Upon appeal from the Municipal Court to the Common Pleas Court, all the papers in the Municipal Court were transmitted to the Common Pleas Court, and marked "filed" in the Common Pleas Court April 11, 1936.

The petition on appeal from the Municipal Court sets up the cause of action, and asks for judgment.

The Common Pleas Court, by entry of September 12, 1936, at the April term, awarded default judgment against defendant. Thereupon, the defendant-appellant in the Common Pleas Court filed a motion "that the judgment rendered in that court upon appeal from the Municipal Court, on questions of law and fact, during the April term of the court, be vacated, for the reason of irregularity in obtaining said judgment."

Notice of this motion was given to the defendant.

Counsel for appellant in the Common Pleas Court filed an affidavit stating that the appellant had a valid defense in said cause, in substance the same as set out in his answer in the Municipal Court.

The cause coming on to be heard on December 2, at the September term upon the motion to set aside and vacate the judgment, by reason of irregularities, the court sustained the motion, and ordered that the judgment obtained by the plaintiff be vacated and set aside, to which exceptions were taken.

The plaintiff appellee in the court below gave notice of appeal on questions of law, and in this court becomes the appellant.

An assignment of errors is filed reciting the judgment against appellant below, and asserting the following errors:

(1) The court erred in vacating the judgment previously obtained in said cause at the April term of the court, in favor of the present appellant.

(2) That the court erred in failing to precede said vacation by an adjudication that a valid defense was established by the present appellee, Paul Lindimore.

The appellant in this court urges that under the provisions of §11637 GC, the judgment could not be vacated, until it is adjudged that there is a valid defense to the action in which the judgment was rendered.

Counsel for appellee herein urges that the court below found an irregularity in obtaining the judgment and vacated the same, and states that if this court feels that the entry of the court below should be reformed and a finding made that there is a valid defense, the appellee would be willing to have that procedure.

Sec 11631 GC provides that the Common Pleas Court may vacate or modify its own judgment after the term at which it is made "(3) For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

Sec 11634, GC:
"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party, * * *."

Sec 11635 GC:
"The proceedings to vacate the judgment or order on the grounds mentioned in divisions four, five, six, seven, eight, nine and ten, of the first section in this chapter, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and, if the party applying was defendant, the defense to the action."

Sec 11636, GC:
"The court must try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action."

Sec 11637, GC:
"A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered."

It will be noted that under §11634 GC, the proceedings for correction of irregularities in obtaining a judgment shall be by motion, and that under §11635 GC, is by petition, setting forth the grounds to vacate and modify and the defense; that under §11636 GC, the court must try and decide upon the grounds to vacate or modify a judgment before trying, or deciding upon the validity of the defense; and §11637 GC, provides that the judgment shall not be vacated on **motion** or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered.

The irregularity complained of in this case is that the court rendered judgment when there was filed in that court an answer and cross-petition, originally filed in the Municipal Court, which set forth a defense and a cause of action against the plaintiff.

The entry in the Common Pleas Court which has given rise to the controversy in this court was filed December 2, 1936, and is as follows:

"ENTRY

"This day this cause came on to be heard upon the motion of the defendant-appel-

lant to set aside and vacate the judgment heretofore in this court obtained by the plaintiff-appellee, by reason of irregularity in obtaining the same, was argued by counsel and submitted to the court, and the court being fully advised in the premises, does find said motion well taken and does sustain the same. It is therefore ordered, adjudged and decreed that the judgment heretofore in this court obtained by the plaintiff-appellee against the defendant-appellant be and the same is hereby vacated and set aside, to all of which plaintiff-appellee excepts."

It is claimed by the plaintiff-appellant in this court that this entry is objectionable, first, that it does not show that it complies with the provisions of §11637 GC which provides that the judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; second, that the court was without power to vacate the judgment, but that the proper procedure was to suspend its operation until the issues made by the pleadings had been tried either by the court or jury as might be appropriate and determined in favor of the defendant. It is claimed that if on the issues joined and so tried, the judgment is in favor of the defendant, then the court would have power to vacate the judgment and substitute therefor a proper entry on behalf of the defendant, but that if the defendant failed in his defense, then the suspended judgment would be in full force.

Before taking up the more serious questions involved, the questions as to whether or not the entry as it appeared in this court, not stating upon its face that the court found there was a good defense, would import that the court had so found. The case of **Braden v Huffman, 46 Oh St 639,** holds that if on error proceeding an application is not shown by the record it will not be presumed. It is stated that whether it has been adjudged that there is a valid defense to the action before setting aside the judgment rendered at a former term of the court should not be left to mere presumption.

In **Hettrick v Wilson, 12 Oh St 136,** it is held:

"As the record in this case shows no adjudication of the court upon the validity of the plaintiff's cause of action it is difficult to see how the order vacating the judgment can be sustained."

It is held in the Braden case that under §11637 GC there must be a previous adjudication that is apparent on the record. We feel that we must at least order that this entry shall be so modified as to make it appear that the court adjudged that there is a valid defense.

Counsel for defendant-appellee states in his brief.

"If this court feels that an entry of the court below should be reformed and a finding that there was and is a valid defense, the appellee will be perfectly willing to have that procedure adopted."

We are of the opinion that this showing should be made.

The more important question is whether or not the court in which it is sought to set aside a judgment obtained at a prior term for irregularity has the right to vacate the same before the issues may have been tried by the court or jury as may be appropriate and a determination made of the validity of the defense, or whether the power of the court extends no further than to suspend the judgment until the issues have been determined.

There have been repeated decisions of the Supreme Court clarifying the sections of the Code as they now are or as they have heretofore been in force. It will not be profitable to comment on these decisions in extenso, but they will be briefly commented upon.

"The power of the court to set aside or vacate its judgments subsequent to the judgment term is governed by settled principles, to which the action of the court must conform and for a departure from which, any judgment or order may be subject to be reversed on proceedings in error." **Huntington v Finch, 3 Oh St 445.**

"The meaning of these sections is that when the court has decided that there is a good ground to vacate, the judgment to vacate shall be suspended until after the case is tried by the jury if one is demanded, and not waived, or by the court if a jury is not demanded or is waived and if on such trial the defense is established then the judgment of vacation is entered." **Frazier v Williams, 24 Oh St 625.**

This proceeding arose in the case of a petition to vacate, alleging a valid defense. The court had proceeded to hear evidence on the validity of the defense without passing on the demurrer and having found that there was no valid defense dismissed the petition to vacate.

"After the existence of a ground to vacate or modify a judgment has been found by the court an issue as to the validity of the alleged defense should be made up by appropriate pleadings and tried as in other cases.

"When the alleged defense has been thus adjudged to be valid and not before, the court is authorized to make a final order of vacation or modification of the original judgment." **Watson v Paine, 25 Oh St 340; Brundage v Briggs, 25 Oh St 652.**

"The rendition of a judgment on default where a demurrer is pending is an irregularity in obtaining a judgment for which the court may upon motion and a proper showing vacate the judgment. Upon the hearing of such motion it is error for the court to enter a judgment of vacation before it is adjudged that there is a valid defense to the action." **Follett v Alexander, 58 Oh St 202.**

"Although an order for the vacation of a judgment without objection that there is a valid defense to the action in which the judgment was rendered is erroneous in view of the requirements of §5360 R. S., is not void." **Newman v Desnoyers, 64 Oh St 447.**

"Proper practice in hearing a motion for vacation of a judgment of a previous term requires that the court upon the hearing of such motion should first pass upon the grounds of irregularity charged and if sustained and the defendant had shown that, in law, if established, would be a defense, then order the judgment suspended until the cause should be tried on its merits, and it is error for the court upon the hearing of such motion to enter judgment of vacation." **Lee v Benedict, 82 Oh St 302.**

"1. When a petition to vacate a judgment is filed by a defendant, he must present therewith his defense to the action sought to be vacated. The grounds for vacation are heard and determined by the court upon the preponderance of the evidence, and if the defense is adjudged legally valid, and the grounds be sustained, the

order of modification or vacation of the former judgment is held in abeyance until the final determination of the issues joined in the original action.

"2. If the court, under the provision of §11636, GC, decides the preliminary issue in favor of the defendant and sustains his ground for vacation, the issues of fact joined in the original action are triable to a jury, or to the court if not a jury issue or a jury be waived.

"3. A counterclaim can not be made available under §11635, GC, as a basis to vacate a judgment by confession. Such is not a defense to the action within the purview of that section." **Bulkley v Greene, 98 Oh St 55.**

These cases have been cited and followed in numerous decisions of Common Pleas Courts and Courts of Appeal.

A well considered case pointing out the proper procedure is **Rabinovitz v Novak, 4 O.O. 255.**

There are many other cases cited under the sections quoted, but we think we have commented upon all of the decisions of the Supreme Court.

We have been diligent in our search for a rule or decision which would permit us to hold that where a judgment is obtained by irregularity, a motion could be made after term and the judgment vacated upon the determination of the court that there is a valid defense. We have constantly kept in mind the possible differentiation between a petition and a motion and between the several grounds set up in §11631, GC, the one applicable in this case being, No. 3. We were at first of the opinion that where there is irregularity in obtaining a judgment that the trial court, upon motion and the adjudging that there is a valid defense to the action, should have the right to vacate the judgment upon the finding that there was a valid defense. There are so many varieties of irregularity that we were at first of the impression that the court should have the power to vacate the judgment upon the disclosure of such irregularities. We think this power should reside in the court in cases of irregularity, but have not been able to find authority sustaining that position. Some courts hold that the procedure laid down by the Supreme Court in reference to vacation of judgments after term should apply to the vacation of a judgment rendered at the term in which the motion to vacate is filed, as decided in the case of **Metzger v Zeissler, 13 N.P. (N.S.) 49.** We are not

598

prepared to endorse this position as to judgments sought to be vacated within term time.

Defendant cites **Ramsey v Holland, 35 Oh Ap 199 (8 Abs 91).** We do not think this case pertinent for the reason that it does not appear that the motion to vacate was filed at a term subsequent to that in which the judgment was entered. Courts have a right to control their dockets during the term and may vacate a judgment without following all the provisions of the statute here under discussion.

We therefore hold that the court below erred in entering the order vacating the judgment entered at a former term, and that this cause should be remanded to the Common Pleas Court for further proceeding, and that the court should confine its order to a **suspension** of the judgment until it may have been determined by proper proceedings that the defense asserted has been established. If it be so established, then the court has power to vacate the judgment.

**Secs 11638 and 11639, GC,** each permit judgments to be **suspended** on proper showing but not **vacated.** These sections seem pertinent to the issue and to sustain the position we have taken.

Cause reversed and remanded for further proceedings in accordance with this opinion.

BARNES, PJ, concurs.

HORNBECK, J.

As the vacation judgment was entered after term, then because of **Follet v Alexander et, 58 Oh St 202,** and the statement of Marshall, C.J., at p. 86, in **La Mieux v Kountz, 107 Oh St** the court erred but only in not carrying into the entry a showing of an adjudication that defendant had a valid defense to the action.

Upon remand the Common Pleas Court can determine that the defendant had a valid defense to the action under §11637, GC, upon the state of the pleadings, namely, that when the judgment was entered in behalf of plaintiff and against defendant there was an answer on file making an issue of the right of plaintiff to recover.

This determination can be made, though the answer sets up no more than a general denial.

The rule ordinarily is that an affirmative defense must appear before the adjudication necessary to open up a default judgment when there has in fact been a

default. The reason for the rule failing, the rule will fail.

The defendant who is in default by failure to observe a legal obligation to plead, has put himself in the position of a party seeking a special favor of the court.

In this case the defendant is in no sense at fault, has been remiss in no legal obligation, and has filed an answer which under the law states a defense.

To exact more of him would be to penalize him without cause or right.

To this extent I concur in the majority decision.