Kahn's Jewelers, Appellant, v. Truss et al., Appellees.

(No. 6388—Decided August 26, 1960.)

*Mr. Charles R. Andrews*, for appellant.
*Mr. A. Millard Armstrong*, for appellees.

Crawford, J.  Plaintiff, Kahn's Jewelers, appellant herein, recovered a default judgment in the Columbus Municipal Court against the defendant, Thelma Truss, appellee herein, for $294.04 damages which had been prayed for as alternative relief in an action of replevin, the chattels not having been recovered.

After term, defendant filed a petition to vacate the judgment, along with a proffered answer. The petition alleges that the defendant was never served with summons and had no knowledge of the action until she received a five-day demand for earnings; that she did not then have, and never had, possession of the chattels; and that she was not indebted to the plaintiff in any sum whatsoever.

The Municipal Court at first denied the petition to vacate, but later, upon motion to reconsider, sustained the motion and the petition to vacate and ordered the proffered answer to be filed.

Upon appeal, the Court of Common Pleas affirmed the order vacating the judgment.

The case is now appealed here on questions of law.  An order vacating a judgment after term is generally considered appealable.  2 Ohio Jurisprudence (2d), 656, 657, Appellate Review, Section 70.

The one assignment of error is that the Municipal Court abused the power granted to it in Section 1901.13, Revised Code, to vacate judgments, in that it so acted without hearing testimony, and despite the fact that the bailiff's return of service and his affidavit filed in support thereof indicated that valid residential service had been obtained.

The principal issue emphasized in the briefs is whether, under Section 1901.13, Revised Code, a Municipal Court has broad discretion peculiar to itself to vacate or modify its judgment after term; or whether, in view of the fact that no specific procedure has been prescribed, it is required by Section 1901.21, Revised Code, to follow the procedure in the Court of Common Pleas.

That procedure is partly outlined in Sections 2325.01 and 2325.06, Revised Code. The latter section provides that the court must first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action. This has been held to mean that the court must hear evidence or require proof before vacating a judgment. *Bliss* v. *Smith*, 24 Ohio App., 366, 156 N. E., 618; *Rabinovitz* v. *Novak*, 20 Ohio Law Abs., 347, 31 N. E. (2d), 151.

Upon appeal of this case, the Court of Common Pleas took the view that Section 1901.13, Revised Code, conferred upon the Municipal Court unlimited power in such matters.

We have not been furnished with a bill of exceptions. The transcript and such original papers as accompanied it suggest the following situation: On March 11, 1959, plaintiff filed an affidavit and petition in replevin against defendant, "Thelma Truss, also known as Thelma Truss Partee, and Willie Partee." It alleged the purchase by Willie Partee of a lady's diamond wedding band and a lady's watch, and his execution of a promissory note and mortgage of the jewelry for $294.04, that he gave the items purchased to defendant Truss, that the note is unpaid, and that defendants refuse to return the merchandise.

The bailiff's return shows that residential service was made upon Thelma Truss and that none of the property was replevined. There was no service upon Willie Partee. Apparently the jewelry, the romance and Willie Partee have all departed.

On April 16, 1959, a default judgment was entered against Thelma Truss in the sum of $294.04, as prayed for. She complains that no evidence was taken as to damages; but if so, that fact is not disclosed by the record.

Orders in aid of execution were next issued. Then, on August 5, 1959, Thelma Truss filed her verified petition to vacate the judgment, containing the allegations stated above. Along with the petition she tendered a verified answer in which she again denied ever having had the chattels in her possession and denied also that she was ever known as Thelma Truss Partee.

This date of August 5, 1959, when the petition to vacate was filed, was, of course, more than 90 days after the entering of the judgment on April 16, 1959, and must be construed to be after term. Section 1901.29, Revised Code.

On September 29, 1959, the petition to vacate was denied. But on November 12, 1959, the court sustained Thelma Truss' motion to reconsider, which had been filed on October 2, and also sustained the petition to vacate and ordered the tendered answer to be filed. It is from that order, and the judgment of the Court of Common Pleas affirming it, that the present appeal is taken.

The motion for reconsideration mildly infers that the original judgment was fraudulently obtained, and there is some echo of this thought in the briefs. But such ground is not alleged in the petition to vacate, and that question is not before us.

The motion for reconsideration, after asserting that there was no service of summons and that the bailiff's return was incorrect, contains this paragraph:

"It is true that the defense attorney did not put his client on the stand to verify the remarks in court, but she was present in court and was willing to testify. From the remarks of the court, counsel believed that the positive verification of the petition to vacate was being accepted by the court without the necessity of testimony. Such a procedure has been customary in the past. Other members of this court have not wanted to take the time to hold a full scale hearing on similar petitions."

Perhaps it is to be implied from this that no evidence was taken when the petition was originally denied. There is nothing before us to indicate whether evidence was or was not taken

before the ultimate decision to vacate. All we know is that the motion for reconsideration called attention to the earlier omission of evidence and that the judge subsequently changed his mind and vacated the judgment.

Assuming, without deciding, that the Municipal Court was bound to follow the Common Pleas Court procedure, without a bill of exceptions we cannot determine that it failed to do so. In the absence of a showing to the contrary, we must presume that the court acted regularly. 3 Ohio Jurisprudence (2d), 666, Appellate Review, Section 715.

The order vacating the judgment is affirmed.

*Judgment affirmed.*

Younger and McLaughlin, JJ., concur.

Crawford, J., of the Second Appellate District, Younger, J., of the Third Appellate District, and McLaughlin, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.