**In the Matter of Edwin W. JARRETT, Donna L. Jarrett, Debtors.**

**Bankruptcy No. B86–00456–Y.**

United States Bankruptcy Court, N.D. Ohio.

March 5, 1987.

**124**

Edwin Weston Jarrett, pro se.

Julius A. Zlotnick, Youngstown, Ohio, for debtor.

Michael A. Gallo, Youngstown, Ohio, Trustee.

Edward C. Czopur, Youngstown, Ohio, for claimant Joseph Habuda.

## ORDER ON OBJECTION TO CLAIM

WILLIAM T. BODOH, Bankruptcy Judge.

This cause came on for consideration upon the objection of debtors, Edwin W. Jarrett and Donna L. Jarrett, to the claim of Joseph P. Habuda, Jr., ("Claimant") in the amount of eight thousand & 00/100 dollars ($8,000.00), plus interest. A hearing was held on February 26, 1987, at which time debtors and claimant appeared with counsel. The matter is now before the court for determination of whether a state court judgment obtained by claimant pre-petition is entitled to preclusive effect in this court.

The factual background of this case is not in dispute. On December 7, 1983, claimant sold a 1973 Mack truck to debtors and received in return a cognovit note and a mortgage on a piece of property owned by debtors. For unexplained reasons, the parties did not note a lien on the vehicle's certificate of title. After the payment of approximately one hundred & 00/100 dollars ($100.00) on the obligation, debtors ceased to make payments under the note and claimant obtained a judgment on the cognovit note in the Municipal Court of Struthers, Ohio, on July 31, 1985. Subsequently, claimant filed a certificate of judgment in Columbiana County, causing a lien to be placed against certain property of the debtors. No evidence was offered as to whether the post-judgment notice requirements of state law were complied with.

Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 2, 1986. Thereafter, claimant filed a proof of claim in the approximate amount of eight thousand & 00/100 dollars ($8,000.00) plus interest. Debtors have objected to the claim, contending that there were defects in the vehicle which relieved them of any obligation to pay claimant under the terms of the note. Claimant has countered that any defenses which debtors may have had to his claim should have been raised in the Struthers Municipal Court and since debtors did not raise those defenses in that court, the debtors are barred, under the Doctrine of *res judicata*, from asserting those issues in this court on an objection to a proof of claim.

The issue to be determined in this cause is whether claimant's state court judgment, valid on its face even though obtained by confession under warrant of attorney, is entitled to preclusive effect in this court. In making such a determination, the court is bound by the provisions of 28 U.S.C. Sec. 1738, which provides in pertinent part:

... judicial proceedings ... shall have the same full faith and credit in every court within the United States and its territories and possessions as they have by law or usage in the courts of such state, territory, or possession from which they are taken.

Thus, in this cause, this court must give the state court judgment the same preclusive effect as would be given the judgment under the law of the state of Ohio. *See Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

In Ohio, judgment by confession is given the standing and effect of any other judgment. *Dayton Morris Plan Bank v. Graham,* 47 Ohio App. 310, 191 N.E. 817 (Ohio Ct.App.1933). A judgment secured by confession under warrant of attorney is as potent in its operation as a judgment rendered upon personal confession. *Bulkley v. Greene,* 98 Ohio St. 55, 120 N.E. 216 (1918). Given such standing and effect, a judgment by confession, otherwise valid on its face, is not subject to collateral attack but may only be attacked directly by appeal, or by seeking to vacate the judgment in the court which rendered it. *See McAllister v. Schlemmer and Graber Co.,* 39 Ohio App. 434, 177 N.E. 841 (Ohio Ct.App. 1930). *See generally, Federal Deposit Insurance Corp. v. Willoughby,* 19 Ohio App.3d 51, 482 N.E.2d 1267 (Ohio Ct.App. 1984).

In Ohio, the doctrine of *res judicata* operates to prevent repeated attacks on judgments and applies not only to what was determined, but also to every question which might properly have been raised in a prior case. *Stromberg v. Board of Education,* 64 Ohio St. 98, 413 N.E.2d 1184 (1980). The preclusion does not only apply to issues which could have been raised by the plaintiff in the prior proceeding, but also to the issues that could have been raised as defenses to the plaintiff's claim in an earlier case. *Johnson's Island, Inc., v. Board of Township Trustees,* 69 Ohio St.2d 24, 431 N.E.2d 672 (1982).

The requirements for the application of the *res judicata* doctrine are that the second suit be between the same parties and that it involve the same cause of action as the first. *Norwood v. McDonald,* 142 Ohio St. 299, 52 N.E.2d 67 (1943). This cause involves the same parties as were involved in the state court action on the cognovit note, and it involves the same cause of

action since, in both instances, the real issue was, and is, the validity of the claim asserted against the debtors by Habuda. The debtor must have raised defenses against the claim in the Struthers Municipal Court to vacate the confessed judgment. Debtors cannot now, under the guise of an objection to a claim, defeat the validity of a state court judgment which is otherwise valid on its face. To permit such a result would be to disregard congress's mandate in 28 U.S.C. Sec. 1738 that Federal courts give full faith and credit to state court judgments. Serious questions appear to exist as to the underlying transaction, but this court is precluded from considering them here.

The objection of debtors to the claim of Joseph Habuda in the approximate amount of eight thousand & 00/100 dollars ($8,000.00), plus interest, is hereby overruled.

It is so ordered.